## OPINION OF THE COURT.

Legislative power cannot be suspended by a general statute requiring notice of petitions before the session at which they are to be presented.

CONCORD, July 30, 1885.

*To the House of Representatives :*

The undersigned respectfully comply with the resolution this day adopted by your honorable body, requiring our opinions on the operation and effect of *s*. 1, *c*. 2 of the General Laws, which provides that when any petition to be presented to the legislature affects the interests of any person, certain notice may be given before the commencement of the session.

The supreme legislative power vested in the senate and house of representatives by the second article of the constitution, and the power of settling their own rules of proceedings, vested in the house by the twenty-second article, cannot be abridged by a general statute requiring notice of petitions. Without such a statute the house or senate can postpone a bill because an interested person has not had an opportunity to be heard, or to prepare for a hearing which is not his legal right, but which they may allow or desire for their information. The delay would be an exercise, and not a discontinuance, of their official discretion. If legislation not preceded by a short term of notice could be prohibited, an act prescribing a long term could practically abolish the right of petition reserved by the thirty-second article of the bill of rights. As the necessities of public safety require that the general law-making power should not be interrupted in its legal existence, it is continuously vested in successive agents, who have no more authority to extinguish it permanently or temporarily than to diminish or enlarge it. They are not empowered to suspend it by a general requirement of such notice as is necessary for the private right of trial, which is a constitutional object and element of judicial proceedings. When not controlled by an authorized obligation of a special legislative contract, statutes cannot be void for want of the notice without which judgments cannot be valid. The statute in question, legally construed upon the presumption that an unauthorized and void act is not intended, does not forbid the house or senate, or a committee of either body, to consider or act upon the merits of a petition without notice.

C. DOE.
W. H. H. ALLEN.
I. W. SMITH.
L. W. CLARK.
I. N. BLODGETT.
A. P. CARPENTER.
G. A. BINGHAM.

41 *

# INDEX.

## ABATEMENT OF TAXES.

TAXATION, 5, *School tax against persons not taxable in district*, p. 277;—8, *Interest on abatements*, p. 571.

## ACCIDENT, MISTAKE, OR MISFORTUNE.

EQUITY, 4, *Mode of relief*, p. 198.

HIGHWAYS, 8, *Omission to file claim—question of fact*, p. 197.

## ACTIONS.

*1. Invention of remedy :*—The necessity of a plenary remedy for the infringement of a legal right, accepted as a general rule of the common law, authorizes and requires the invention and use of convenient procedure for ascertaining and establishing the right, and obtaining the remedy.   *Walker* v. *Walker*, 321.

*2. A real action lies at common law for a remainder of land in fee expectant on the termination of a life estate,* and such an action is a plain, adequate, and complete remedy for the remainder-man whose title is disputed.   *Ib.*

*3. Equity—adequate remedy at law :*—Chapter 43, Laws of 1883, does not authorize a bill in equity to establish the title of real estate in a case in which there is a plain, adequate, and complete remedy at law.   *Ib.*

FELONY, *Civil action maintainable before criminal prosecution*, p. 77.

PRACTICE, 2, *Invention of procedure;*—3, *Assumpsit between co-tenants;*—4, *Inadequacy of remedy at law;*—5, *Action at law and bill in equity prosecuted at the same time*, p. 382.

TAXATION, 4, *Purchaser by quitclaim may recover against grantor*, p. 169.

ASSUMPSIT; SCIRE FACIAS; TRUSTEE PROCESS, &C.

## ADULTERY.

DIVORCE, 4, *Adultery no bar to alimony*, p. 444.

## ADMINISTRATION.

DAMAGES, 3, 4, *For personal injuries resulting in death*, p. 404.

PROBATE LAW, 1, *Contingent claims*, p. 164;—2, *Appointment of administrator, appeal from, by administrator appointed in another state*, p. 192;—3, *Discharge of administrator*, p. 403;—4, 5, *Authority of foreign administrator to sell, &c.*, p. 588;—6, *Repairs on tomb of deceased*, p. 592.

628 INDEX.

STATUTE OF LIMITATIONS, 2, *Promise by administrator*, p. 366.
WILLS, 13, *Trust—discretion—subject to revision;*—14, *Charge upon land*, p. 35.

### ADVERSE POSSESSION.

*1. Privity :*—One cannot avail himself of the previous possession of another under whom he does not claim, in order to establish a title to land by adverse possession. *Locke* v. *Whitney*, 597.

*2. To sustain a claim for betterments*, the tenant must show that he had actual and peaceable possession of the premises, claiming in good faith and supposing that he had a legal title for more than six years prior to the commencement of the suit. *Ib.*

### ALIMONY.

DIVORCE, 1, *Revision of orders—evidence*, p. 116;—3, *Former judgment not conclusive as to facts merely evidentiary, but not in issue ;—Adultery no bar to alimony*, p. 444.
EQUITY, 7, *Conveyance to hinder collection*, p. 312.

### AGENCY.

MASTER AND SERVANT, *Negligence of servant*, p. 610.

### AMENDMENT.

*1. By joining plaintiff:*—A person entitled to a part of the damages for which judgment should be rendered may be joined as plaintiff by amendment at any time before judgment, and may have judgment for his part, if justice will be done by such procedure. *Cole* v. *Gilford*, 60.

*2. In defaulted action :*—An amendment introducing a new cause of action cannot be allowed against a defaulted defendant without notice. *Ball* v. *Danforth*, 420.

*3.* Amendments are not allowed when the facts show that justice does not require it. *Hardy* v. *Nye*, 612.

LANDLORD AND TENANT, 3, *Assumpsit for rent amended by adding count in trover*, p. 124.
PLEADING, 1, *Count in assumpsit joined with trover*, p. 220.

### APPEAL.

PROBATE LAW, 2, *Appointment of administrator, appeal from, by administrator appointed in another state*, p. 192;—10, *Decree according to agreement of counsel—appeal denied*, p. 330;—11, *Appeal not taken, judgment conclusive ;*—14, *Appellant confined to reasons of appeal, but whole record open to appellee*, p. 458.
RAILROADS, 6, *Land damages—assessment—payment*, p. 557.
WILLS, 12, *Interest of appellant to entitle him to appeal—question for the court*, p. 507.

## ARBITRATION.

### REFERENCE.

### ASSIGNMENT.

*1. An assignment of wages to be earned, with the acceptance of the employer writ-ten upon the face* instead of upon the back of the instrument, being duly filed with the town-clerk, is good against a creditor of the laborer who seeks to reach the fund by trustee process. *Lewis* v. *Lougee*, 287.

*2. Of wages—acceptance by clerk :*—An acceptance of an assignment of wages of an employé of a corporation, made in writing by one who is not an officer of the corporation, but a confidential clerk in their office, apparently having au-thority to do the act, is not void. *O'Neil* v. *Dunn*, 393.

DEED, I, *in fee, passes term for years*, p. 230.

## ASSUMPSIT.

*Upon implied promise, to try title :*—When a claimant of an aqueduct title uses the water, without an actual promise, express or implied, to pay for the use, assumpsit on the fiction of a promise implied by law is not an appropriate form of action for settling the disputed title. *North Haverhill Water Co.* v. *Metcalf*, 427.

LANDLORD AND TENANT, I, 2, 3, *Use and occupation—implied promise*, pp. 107, 124.
PRACTICE, 3, *Assumpsit between co-tenants*, p. 382.
TAXATION, 4, *Purchaser by quitclaim may recover against grantor*, p. 169.

## ATTACHMENT.

*1. Exemption—actual use :*—Under Gen. Laws, c. 224, *s.* 2, a horse is exempt from attachment when reasonably required for actual use, either at the time of the attachment or within a reasonable time thereafter. *Jaquith* v. *Scott*, 5.

*2. Exemption—intention :*—Upon the question whether it is so required, evidence of the debtor's intention is competent. *Ib.*

*3. Of real estate—return :*—When an officer's return on a writ shows that he did all that the statute requires to make a good attachment of real estate, the return need not state that the attachment was made by leaving a copy of the writ and return at the dwelling-house of the town-clerk.—*Kelley* v. *Barker*, 70.

*4. Of fund bequeathed for use of debtor :*—A fund bequeathed to C., " to be pru-dently used if needed by him for his support during the remainder of his life," with remainder to others, is not attachable in the hands of the executor by C.'s creditors. *Chase* v. *Currier*, 90.

*5. Of all real estate in town—innocent purchaser :*—A general attachment of all a debtor's interest in real estate in a town does not hold land fraudulently con-veyed by the debtor by a deed recorded before the attachment, and conveyed by his fraudulent grantee after the attachment to an innocent purchaser for value. *Ashland Savings Bank* v. *Mead*, 435.

*6.* Against the latter and subsequent purchasers from him, such attachment is not constructive notice of a lien, or of *lis pendens. Ib.*

PARTNERSHIP, 5, *Property of, on individual debt—defence by receiptor*, p. 361.
SHERIFF, 1, *Deputy, is not bound to assume the burden of defence, &c.*, p. 81.

## ATTORNEYS.

*To sustain a gift from a client to his attorney, the burden is upon the latter* to show not only that it is voluntary, but also that it is made with full knowledge of all material facts known to him, and without undue influence. *Whipple v. Barton*, 613.

TRUSTEE PROCESS, 2, *Money collected*, p. 166.

## BANKRUPTCY.

*Report of referee not a provable debt :*—The report and assessment of damages, by a referee appointed under the statute of 1876, and made during the pendency of bankruptcy proceedings in an action for a tort, do not constitute a debt which may be proved against the defendant's estate in bankruptcy. *Gilman v. Cate*, 278.

## BANKS.

SAVINGS-BANKS.

## BASTARDY.

*The course of proceeding in bastardy cases is so far criminal that* the warrant may be served by an officer authorized to serve warrants in criminal cases; and the defendant's recognizance for his appearance at court may be taken to the state. *Castles v. Welch*, 369.

## BETTERMENTS.

ADVERSE POSSESSION, 2, *To sustain claim for betterments tenant must show, &c.*, p. 597.

## BOARD OF CENSORS.

MEDICAL PRACTICE, *Grounds for refusal of license*, p. 92.

## BONDS.

*Whether penalty or liquidated damages, a question of intent :*—Whether the sum stipulated in a bond to be paid by the obligor is a penalty, or liquidated damages, is a question of intent to be ascertained from the language of the instrument and such other evidence as is competent to aid in the construction. *Hurd v. Dunsmore*, 171.

## BOUNDARIES.

*Location of, by agreement, binding on grantees :*—An agreement fixing the location of a disputed boundary line between two adjoining land-owners is binding upon their respective grantees. *Bartlett v. Young*, 265.

EVIDENCE, 24, *Ancient records—reputation*, p. 4.

### BOUNDARY FENCES.

FENCES.

### BURDEN OF PROOF.

EVIDENCE, 27, *To show promise was unconditional*, p. 89.
REFERENCE, 3, *Finding of evidence equally balanced*, p. 429.

### BURIAL-GROUND.

CEMETERY.

### CARRIERS.

STOPPAGE IN TRANSITU, 1, 2, *When terminated*, p. 565.

### CASES QUALIFIED AND AFFIRMED.

*Graves* v. *Lebanon Nat'l Bank*, 10 Bush. 23, disapproved : *Bank* v. *Albee*, 164.
*Hall* v. *Nute*, 38 N. H. 422, qualified : *Kennard* v. *Kennard*, 311.
*Hayes* v. *Tabor*, 41 N. H. 521, qualified : *Kennard* v. *Kennard*, 311.
*Kendrick* v. *Kimball*, 33 N. H. 482. qualified : *Eastman* v. *Dearborn*, 364.
*Tilton* v. *Pittsfield*, 58 N. H. 327, affirmed : *Wentworth* v. *Rochester*, 244.
*Vogt* v. *Ticknor*, 47 N. H. 543, affirmed : *Robertson* v. *Railroad*, 544.

### *CAVEAT EMPTOR.*

SALES, 1, 2, 3, p. 99.

### CEMETERY.

1. *The right of burial in a public cemetery is not an absolute right of property, but a privilege or license* to be enjoyed so long as the place continues to be used as a burial-ground, subject to municipal regulation and control, and legally revocable whenever the public necessity requires. *Page* v. *Symonds*, 19.
2. *Under Gen. Laws, c. 49, s. 2, authorizing a town to take land for a public cemetery without the owner's consent*, when "land necessary therefor cannot be obtained in any suitable place at a reasonable price by contract with the owner," the most suitable land may be taken when it cannot be obtained at a reasonable price by contract. *Crowell* v. *Londonderry*, 42.
3. The statutory provision that no cemetery shall be laid out within twenty rods of a dwelling-house, does not prohibit the taking of a dwelling-house and the land on which it stands. *Ib.*
4. *Disqualification of tribunal by relationship—waiver :*—At a trial before a board of selectmen on a petition for laying out a public cemetery, the objection that a member of the board is disqualified by his relationship to one of the petitioners is waived by a land-owner having knowledge of the fact, and going to trial on the merits of the petition without presenting the objection to the board. *Ib.*

*5. Waiver of objection that no notice was given :*—The objection that notice of the trial was not given to the town-clerk is waived by a land-owner who has had notice, and does not present the objection to the board.   *Ib.*

*6. Discontinuance :*—A public cemetery, legally laid out by a town exercising the power of eminent domain, cannot be discontinued by major vote of the town. *Ib.*

*7. Under Gen. Laws, c. 49, s. 2, a public cemetery cannot be laid out within twenty rods of a dwelling-house without* consent of the owner, although the land to be so used had been procured by voluntary purchase. *Stevens* v. *Manchester,* 390.

## CHANCERY.

EQUITY.

## CHARTER.

TOLL BRIDGES, *Charter for, containing no exclusive words, &c.,* p. 298.

## CHATTEL MORTGAGE.

The omission of the words " So help us God," at the end of the affidavit on a chattel mortgage, does not invalidate the mortgage.   *Comey* v. *Pickering,* 126.

## CHATTELS.

REAL ESTATE, *Hay-scales,* p. 57.

## CHURCHES.

RELIGIOUS SOCIETIES.

## CIDER.

INDICTMENT, I, *Negative averment,* p. 368.

## CITIES.

WATER-COURSES.

## COMITY.

CONFLICT OF LAWS, 2, p. 466.

## COMMISSIONERS, RAILROAD.

*Have no authority to fix tables of charges beyond line of state :*—The statute of 1883, requiring the railroad commissioners to fix tables of maximum charges for the transportation of passengers and freights upon the several railroads operated within this state, does not authorize the commissioners to fix such charges beyond the line of the state.   *Merrill* v. *Railroad,* 259.

## CONFLICT OF LAWS.

*1.* Whether a time note given in this state by a New Hampshire debtor to a Massachusetts creditor has the effect of payment *pro tanto*, is to be determined by the law of New Hampshire. *Gilman Bros.* v. *Stevens,* 342.

*2.* Where the assignee of an insolvent debtor in another state affirms a sale and delivery of goods made by the insolvent there, shortly before the assignment, to a citizen of this state, a creditor of the insolvent, who claims that the sale was fraudulent as to creditors, may attach the goods here as the property of the insolvent, and the parties may have their rights determined in this state the same as though there had been no assignment. *Harvey* v. *Watson,* 466.

TITLE, 2, *Gift causa mortis—validity determined by law of place where made,* p. 552.

## CONSIDERATION.

*1. New promise does not revive extinguished indebtedness :*—P., having compromised with his creditors for forty-five cents on a dollar, made over all his property to H. on the consideration that H. should pay off his creditors at that rate. H. paid the plaintiff forty-five per cent. of his debt, and took an assignment of it to himself. The other creditors were settled with and satisfied in the same way by H. Afterwards P. gave the plaintiff his note for the remaining fifty-five per cent. of his original debt. *Held,* that there was no consideration for the note. *Grant* v. *Porter,* 229.

*2. Subscriptions—organization into a corporation :*—Where several mutually agree to pay money to be expended for a lawful object of common interest to the parties, the promise of each is considered as made in consideration of the promise of the others; and after expenditures have been made in advancement of the enterprise, relying upon the subscriptions, it is no defence to an action against a delinquent subscriber, for the collection of his subscription, that the expenditures were made under the direction of a corporation, organized by the associates in conformity with the original plan, of which he did not choose to become a member. *Osborn* v. *Crosby,* 583.

PROMISSORY NOTES, *Defence as against indorsee,* p. 474.

## CONSTITUTIONAL LAW.

*1. Justice of the peace not disqualified by age :*—The constitutional provision, that no person shall hold the office of judge of any court after he has attained the age of seventy years, does not apply to justices of the peace. *Keniston* v. *The State,* 37.

*2. Prohibiting citizens of other states from peddling :*—A state law, withholding from all citizens of other states a licensed peddler's privilege enjoyed by its own citizens, would be an infringement of the federal right of equality secured by art. 4, *s.* 2, of the federal constitution. *Bliss's Petition,* 135.

*3. A state statute requiring citizens of other states to procure a license to sell* trees, shrubs, or vines, that may be sold by its own citizens unlicensed, is in conflict

with art. 4, *s.* 2, of the constitution of the United States. *State* v. *Lancaster*, 267.

4. *A statute which authorizes a justice of the peace to commit to the industrial school* a minor under the age of seventeen years, upon a complaint charging a crime with respect to which the jurisdiction of the justice only extends to requiring the accused to recognize with sureties for his appearance at court, is in conflict with art. 15 of the bill of rights. *State* v. *Ray*, 406.

5. *Legislative power cannot be suspended by a general statute* requiring notice of petitions before the session at which they are to be presented. *Opinion of the Court*, 625.

PRACTICE, 8, 9, *Right to convenient remedy and procedure*, p. 599.

RAILROADS, 1, *engaged in interstate commerce—liability as insurers*, p. 25.

SUPERME COURT, 1, 2, *legislative power cannot be delegated to ;—*3, 4, *advisory opinions of*, p. 574.

## CONSTRUCTION.

BOND, *Whether penalty or liquidated damages, a question of intent*, p. 171.
CONTRACTS, 4, *Ascertainment of intent*, p. 438.
DEEDS, 3, p. 609.

## CONTRACTS.

1. *Time of making new promise :—*A debt barred by a discharge in bankruptcy may be revived by the debtor's promise to pay it, whether the promise is made after his discharge, or before his discharge and after the filing of the bankruptcy petition. *Wiggin* v. *Hodgdon*, 39.

2. *Conditional promise :—*But it is not revived by a conditional promise. *Ib.*

3. *In restraint of trade :—*A person contracting not to practise or do any dentistry on his own account or by any agent within certain limits, is not restrained by injunction from working for another at the business of dentistry within the specified limits. *Bowers* v. *Whittle*, 147.

4. *The legal construction of a written contract* is the ascertainment of the fact of the parties' intention from competent evidence. *Crawford* v. *Parsons*, 438.

ASSUMPSIT, *upon implied promise, to try title*, p. 427.

## CONSIDERATION.

CONTRACTS, 1, *New promise ;—*2, *Conditional promise*, p. 39 ;—3, *Restraint of trade*, p. 147.

DAMAGES, 1, *Breach of contract to buy land*, p. 172.

FRAUD, 1, *Inducement;—*2, 3, 4, *Privity of representation*, p. 152.

RECOUPMENT, *Breach of contract*, p. 227.

RELEASE, *to infant co-signer*, p. 419.

SUNDAY, p. 149.

## CONTRIBUTION.

EQUITY, 8, *Fraudulent grantees*, p. 312.

## CONTRIBUTORY NEGLIGENCE.

NEGLIGENCE, *In action for double damages*, p. 370.

## CONVEYANCES.

DEEDS; FRAUDULENT CONVEYANCES.

## CORPORATIONS.

CONSIDERATION, 2, *Subscriptions—organization into a corporation*, p. 583.
TAXATION, 2, *double*, p. 167.
ULTRA VIRES, *Ratification*, p. 230.
CITIES; MUNICIPALITIES; RAILROADS; SAVINGS BANKS; TOWNS.

## COSTS.

*Limited:*—Under G. L., *c.* 233, *s.* 5, the plaintiff cannot be allowed more costs than damages when the title to real estate is not in question and the damages recovered do not exceed thirteen dollars and thirty-three cents. *Jones* v. *Lane*, 331.

CRIMES, 2, *against police of towns—liability of county for costs*, p. 275.
DEPOSITIONS, *neglect to take—costs*, p. 544.

## COUNTY PAUPERS.

PAUPERS.

## COURT.

CEMETERY, 4, *Disqualification by relationship—waiver*, p. 42.
EXECUTION, 1, *Levy—appraiser—interest of*, p. 70.
POOR DEBTORS, *Objection to competency of magistrate—waiver*, p. 375.
JURISDICTION; JUSTICE OF THE PEACE; PROBATE LAW; QUESTIONS OF FACT; SUPREME COURT.

## CREDITORS.

EQUITY, 6, *Bill by administrator to discover assets*, p. 312.
FRAUD, 7, *Conveyance—secret pledge*, p. 577.
FRAUDULENT CONVEYANCES, *Preferences*, p. 375.
MORTGAGE, 1, *given for a sum larger than the debt, not invalid as against creditors, if, &c.*, p. 248.
SPECIFIC PERFORMANCE, *decreed against objection of attaching creditor with knowledge;—Injunction to prevent levy*, p. 61.

## CRIMES.

**1.** An indictment will not lie for fraudulently concealing money alleged to have been embezzled by the defendant. *State* v. *Nute*, 79.

*2. The county is not liable for costs incurred in prosecuting offences against the police of towns* on the complaint of selectmen. *Powers* v. *County of Sullivan,* 275.

BASTARDY, *proceeding in, so far criminal that, &c.,* p. 369.
DISCHARGE FROM JAIL, p. 389.
FELONY, *Civil action maintainable before criminal prosecution,* p. 77.
INDICTMENTS; LOTTERY.

## DAMAGES.

*1. The measure of damages for the breach of a contract to buy land* is the difference between the value of the land and the agreed price, and such other loss as would be reasonably anticipated by the parties as likely to be caused by the breach. *Hurd* v. *Dunsmore,* 172.

*2. A person against whom a false and fraudulent claim is made cannot recover of the claimant the expense* which he incurs in investigating and detecting the attempted fraud. *Enfield* v. *Colburn,* 218.

*3. For personal injuries resulting in death :*—The damages that an administrator can recover under *c. 35, s.* 1, Laws of 1879, are not necessarily nominal, and may be assessed by the jury. *Corliss* v. *Railroad,* 404.

*4.* The ordinary grounds of damage in such a case are the expense of board, nursing, medical aid, compensation for loss of time, physical and mental pain, including such sum as the jury think ought to be given for distress and anxiety of mind in view of approaching death while in imminent danger from the injury received, and to the close of life. *Ib.*

*5. Loss of profits :*—In an action of a lessee of a mill against his lessor for a diversion of water, depriving the plaintiff of the demised water-power, damages for loss of profits being claimed in the declaration, and loss of profits being a damage the parties could have reasonably anticipated, proof of the profits of the business done at the mill is admissible on the question of damages. *Crawford* v. *Parsons,* 438.

*6. Damages may be apportioned among several defendants* by separate judgments, if justice will be done by such procedure. *Bank* v. *Whittle,* 587.

BOND, *Whether penalty or liquidated damages, a question of intent,* p. 171.
RAILROADS, 3, *Reduction on account of plaintiff's insurance ;*—7, 8, *Land damages—rule of,* p. 557.

## DECEIT.

### FRAUD.

## DECREE.

### JUDGMENT.

## DEEDS.

*1. A deed in fee passes a term for years :*—A deed, whereby a tenant for years undertakes to convey the fee, will pass the term to the grantee. *Hotel Co.* v. *Marsh,* 230.

*2. A deed duly acknowledged and recorded is not of itself evidence of seizin* in either the grantor or grantee ; and it makes no difference in this respect that the land described in the deed is a wild, unbroken forest. *Bell* v. *Peabody*, 233.

*3. Construction :*—A clause in a deed reserving the right to take from a cistern in the house on the granted premises " all the water which the grantee, his heirs or assigns, shall not use," means only so much of the water as may not be used by the occupants in a reasonable enjoyment of the premises conveyed. *Wilcox* v. *Kendall*, 609.

EQUITY, 11, *Limitations as to use, enforced*, p. 505.

### *DE FACTO* OFFICER.

ELECTIONS, 3, p. 378.

### DEFAULT.

JUDGMENTS, 2, *by default—service by publication*, p. 364;—4, *Judgment on default for price no bar to action on warranty*, p. 431.

### DEFENCE.

FRAUD, 6, *claimant of right obtained by, not admitted to defend*, p. 413.

### DELIVERY.

STOPPAGE IN TRANSITU, 1, 2, *when terminated*, p. 565.

### DEPOSITIONS.

*1. Neglect to take—costs :*—Under *s.* 10, c. 229, Gen. Laws, a party who gives notice of the taking of depositions, and does not take a deposition in pursuance thereof, is liable to the adverse party in the sum of twenty-five cents a mile for actual travel of himself or his attorney to attend the same, although he is not guilty of actual fault or neglect, the failure being caused by the unexpected omission of the witness to attend. *Robertson* v. *Railroad*, 544.

*2. Voght* v. *Ticknor*, 47 N. H. 543, affirmed and followed. *Ib.*

EVIDENCE, 19, *Reading portions of depositions to contradict witness—to explain contradictions*, p. 448.

### DEPUTY SHERIFF.

SHERIFF.

### DEVISE.

WILLS.

## DISCHARGE FROM JAIL.

Chapter 96, Laws 1883, requiring certain persons committed to jail to be discharged by the jailer at the expiration of a certain time, does not restrict the power of discharging them, upon Gen. Laws, c. 268, s. 9. *Siskin's Petition*, 389.

## DISCRETION OF COURT.

### Questions of Fact.

## DISTRIBUTION OF ESTATES.

### Probate Law.

## DIVISION LINES.

### Boundaries.

## DIVORCE.

1. *Revision of orders as to alimony—evidence :*—On the hearing of an application under Gen. Laws, c. 182, s. 15, for a revision of orders as to alimony, all evidence which is relevant and material to the question whether the orders should be modified, including evidence used on the original trial, and evidence not so used but which might have been then presented by the exercise of due diligence, is to be received. *Ela* v. *Ela*, 116.
2. The court has not authority to order an allowance for the support of the wife during the pendency of a libel for divorce against her by the husband. *Rowell* v. *Rowell*, 222.
3. *Former judgment not conclusive as to facts not in issue but merely evidentiary :*—A judgment ordered for the defendant upon an agreed statement of facts, which showed that the mortgage in suit was given to secure the payment of a sum of money by a husband to his wife, under a collusive agreement for obtaining a divorce in her favor, is not conclusive against the right of the wife, after such divorce has been decreed, to recover alimony from the husband. *Cross* v. *Cross*, 444.
4. *Adultery no bar to alimony :*—Nor is the adultery of the wife, both before and after such divorce, a legal bar to the granting of alimony upon her petition subsequently brought. *Ib.*
5. The divorce jurisdiction is not enlarged by c. 14, Laws of 1883. *Kimball* v. *Kimball*, 598.

## DOGS.

Negligence, *contributory—in action for double damages*, p. 370.

## DOMESTIC RELATIONS.

### Parent and Child.

## EASEMENTS.

*Parol license—purchaser without notice :*—A parol license by the grantor to the grantee of land for the use of a way along the margin thereof over other land

of the grantor, does not create a right in the grantee which will fix a servitude upon the adjoining land after it has passed to a purchaser who had no notice of the supposed right. *Cox* v. *Leviston*, 283.

## ELECTIONS.

*1. If no supervisors of the check-list are chosen at a biennial election*, they may be elected at a town-meeting specially called for the purpose. *State* v. *Bean*, 249.

*2. Record—not conclusive :*—In *quo warranto* to determine the right to an elective office, the record of the declared election is not conclusive. *Attorney-General* v. *Megin*, 378.

*3. Officer de facto :*—A person declared elected, and inducted into office, is a *de facto* officer, though not lawfully elected. *Ib.*

*4. Recount :*—The act of June 14, 1881, relating to the production of packages of votes by the secretary of state before the court or other proper authority, was not intended to give everybody, or every citizen, or every voter of the county, an absolute right to a recount without due cause shown. *Pearson* v. *Norton*, 379.

## EMINENT DOMAIN.

### CEMETERY.

## EQUITY.

*1. Bill by creditor against fraudulent assignee of debtor—allegation of damages :*—In a bill in equity to compel the application upon the plaintiff's debt of moneys conveyed fraudulently and without consideration, by his debtor to the defendant, it need not be alleged that the plaintiff has suffered damage, excepting such as results from the fraud; or that, but for the fraud, he would have secured the debt; or that he has obtained, or attempted to obtain, a lien upon the moneys; or that there was a conspiracy to delay and hinder creditors. *Alden* v. *Gibson*, 12.

*2. Remedy at law:*—A bill may be maintained in such case, although the plaintiff has a remedy at law. *Ib.*

*3. A final decree in equity is not reopened and changed on motion, when* it appears that the facts upon which the motion is based existed and were known to the party making it at the time of the original hearing in the cause before a referee, and were not shown by the report of the referee, nor brought to the attention of the court at any subsequent stage of the litigation before the decree was entered up. *Cummings* v. *Parker*, 198.

*4. If the party is entitled to any relief in such case, it must be by application for a new trial on the ground of accident, mistake, or misfortune. *Ib.*

*5. A defendant in equity may have affirmative relief upon an answer* in the nature of a cross bill, setting out facts which show that he is entitled to the relief sought. *Cox* v. *Leviston*, 283.

*6. An administrator can maintain a bill in equity for the discovery of assets* and the recovery of property conveyed by the deceased in fraud of his creditors, so far as it is needed to pay the debts of the deceased. *Janvrin* v. *Curtis*, 312.

7. *A conveyance made to hinder and prevent the wife of the grantor from collecting alimony* in a proceeding for divorce is fraudulent as to her, and will be set aside, if necessary, to enable her to collect the amount of the decree. *Ib.*

8. *There may be contribution among fraudulent grantees of land, when* the land conveyed to one of them is taken to pay the grantor's debts,—such contribution to be adjusted according to existing equities between the several grantees. *Ib.*

9. *Will interfere to protect persons of weak mind:*—Where a person, although not positively *non compos* or insane, is yet of such great weakness of mind as to be unable to guard himself against imposition, or to resist importunity or undue influence, equity will interfere. *Roberts v. Barker,* 332.

10. *A suit in equity is not commenced until* the bill is filed. *Clark v. Slayton,* 402.

11. *Limitations as to use, inserted in deed, enforced :*—A stipulation in a deed of a lot of land in the grounds of the Winnipesaukee Camp-Meeting Association, prohibiting the erection or use of buildings for stores, boarding-houses, hotels, or stables thereon without the consent of the association, is enforcible by injunction. *Camp-Meeting Association v. Gordon,* 505.

12. *Rejection of supplemental answer, where determined :*—Ordinarily the question whether a supplemental answer in chancery shall be rejected on motion of the plaintiff, being one of convenient procedure, is to be determined at the trial term ; but the whole court, in a plain case, may revise the decision there made. *Pearson v. Railroad,* 534.

ACTIONS, 3, *Adequacy of remedy at law*, p. 321.

MORTGAGES, 2, *Bill to redeem—time for redemption*, p. 362.

PRACTICE, 1, *Remedy for default without notice*, p. 65 ;—4, *Inadequacy of remedy at law ;*—5, *Action at law and bill in equity prosecuted at the same time*, p. 382.

SCHOOL-DISTRICTS, 3, *Bill not maintainable by tax-payer in matter not affecting his interest, &c.*, p. 216.

SPECIFIC PERFORMANCE, *decreed against objection of attaching creditor with knowledge ;—Injunction to prevent levy*, p. 61.

SURETY, *Payee entitled to securities held by*, p. 417.

TENANCY IN COMMON, 2, *Bill against co-tenant for accounting—allowance for expenses*, p. 468.

TRUSTS, 2, *Mortgage by married woman, cestui que trust*, p. 109.

## INJUNCTIONS.

## ESTATES.

WILLS, 15, *Vested and contingent remainders distinguished*, p. 303.

## HOMESTEAD.

## ESTOPPEL.

FRAUD, 5, *Change of possession, want of,—knowledge of*, p. 343.

HIGHWAYS, 7, *Town not estopped to deny existence of, when, &c.*, p. 244.

SAVINGS-BANKS, 4, *Ultra vires*, p. 145.
SHERIFF, 2, *not estopped by return, &c.*, p. 81.
TAXATION, 7, *Town not estopped to set up tax title by having, &c.*, p. 328.

## ESTRAYS.

### STRAYS.

## EVIDENCE.

*1. Competency :—A statement of facts*, on which judgment has not been rendered, found by the court in the trial of a bill in equity for an injunction to restrain the prosecution of a suit at law, is not admissible evidence on a motion to set aside the judgment on which such suit is founded. *Fowler* v. *Moore*, 111.

*2. Admission :—*A request, made by the payer of a disputed claim that the payee will not disclose the settlement, is not competent evidence of the payer's admission of liability. *Gault* v. *Railroad*, 356.

*3. Experts :—*The effect of a bridge as an obstruction of a river may be a subject for the testimony of experts ; and their opinions are not excluded by the question being the issue to be decided. *Ib.*

*4. The testimony of a lawyer of another state* is admissible to prove the laws of that state. *Kennard* v. *Kennard*, 303.

*5. Foreign unwritten law*, including the prevailing construction of a foreign statute, may be proved by competent witnesses, and is a matter of fact determinable at the trial term. *Jenne* v. *Harrisville*, 405.

*6. Evidence in recoupment of damages is not admissible under* the general issue. *Simonds* v. *Cross*, 123.

*7. Former judgment—identity :—Extrinsic evidence* is admissible to show whether the identical matter in controversy has been determined by a former judgment. *Eastman* v. *Clark*, 31.

*8. Relevancy :—*Where a witness testified to an act of her own calculated to enhance her credit with the jury, evidence offered by the other side tending to disprove the act was properly admitted. *Quimby* v. *Blackey*, 77.

*9.* Upon the question whether B. consented to the sale of a judgment recovered in his name by the plaintiff to the defendant, a letter from the plaintiff to him and his reply are admissible in evidence, although the defendant had no knowledge of the correspondence. *Pinkham* v. *Benton*, 226.

*10.* Evidence that a witness was requested to remember a certain conversation, does not tend to contradict his testimony that he does not remember the conversation. *Ib.*

*11.* Evidence that the defendant, for several years after a note signed by him became due, had property upon which its payment might have been secured by attachment, is not admissible to show that it has been paid. *Cole* v. *Boardman*, 580.

*12.* Evidence that a firm, of which the plaintiff is a member, has brought suits against the defendant in another jurisdiction, upon which all his property in that jurisdiction was attached, is not admissible to show that a suit by the plaintiff in this state for a different cause of action is not brought in good faith. *Ib.*

43*

*13. Intention :*—In an action against a sheriff for neglecting to arrest upon execution a surrendering debtor, evidence of the latter's intention to take the poor debtor's oath may properly be excluded. *Harrington* v. *Wadsworth*, 400.

*14. A judgment is evidence against third persons* of the fact of its rendition, but not of the facts which were in issue between the parties to it. *Ib.*

*15. Declarations of vendor in possession upon question of good faith :*—When the vendor remains in possession of land conveyed, his declarations showing under what claim he holds possession are admissible upon the good faith of the transaction. *Osgood* v. *Eaton*, 355.

*16. Whether facts exist upon which the law allows leading questions* to be put to a witness by the party calling him, is a question of fact to be determined at the trial. *Ib.*

*17. On the question of testamentary capacity*, the will itself is evidence. *Whitman* v. *Morey*, 448.

*18. On the question of undue influence*, the proponent of the will may show that nominal legacies to heirs other than children were inserted at the suggestion of the person who wrote the will, because he erroneously supposed it necessary to the validity of the will. *Ib.*

*19. Reading portions of deposition of witness to contradict him—to explain contradictions :*—When portions of a deposition are read by one party for the purpose of contradicting the witness who gave it, the other party may read, from the same deposition, so much as pertains to the same subject, and tends to explain, qualify, or limit what is so read. *Ib.*

*20. All the subscribing witnesses should be called, if, &c. :*—The practice of requiring an executor, upon the issues of insanity and undue influence, to call all the subscribing witnesses to the will, if alive, sane, and within the jurisdiction, should not be departed from without good cause. *Ib.*

*21. Whether a party shall be allowed to put leading questions to his own witness* is determined by the presiding justice while the examination of the witness is going on before him, and is not matter of exception. *Ib.*

*22. Right of party calling attesting witness to discredit him :*—The common-law rule, forbidding a party to discredit his witness, has no application when the party, by legal intendment, has no choice, as in the case of an attesting witness. *Ib.*

*23. Upon the issues of insanity and undue influence, declarations of the testator*, tending to show the state of his feeling towards relatives to whom he gave only a nominal sum, may be received. *Ib.*

*24. Ancient records—reputation—boundary :*—Admissibility of ancient records, and of reputation as to location of boundary affirmed. *State* v. *Vale Mills*, 4.

*25. Evidence that the plaintiff was induced by the defendant's false representations to forbear making inquiries*, which he otherwise would have made, is admissible without being specifically alleged in the declaration. *Stewart* v. *Stearns*, 99.

*26. Whether a witness may be cross-examined by the party calling him*, and whether counsel may put leading questions to his client when called by the other side, are questions to be determined at the trial term. *Gerrish* v. *Gerrish*, 128.

*27. Burden of proof to show promise was unconditional :*—In assumpsit, the question being whether the defendant's promise was or was not upon a condition not

performed by the plaintiff, the burden of proof is on the plaintiff to show that the promise was unconditional. *Eastman* v. *Gould,* 89.

*28. A declaration in a petition for a highway, signed by the defendant's grantor,* as to the location of a disputed boundary of another highway, is admissible on the trial of an indictmemt for obstructing the last mentioned highway. *State* v. *Vale Mills,* 4.

ATTACHMENT, 2, *Exemption—intention,* p. 5.

BOND, *Whether penalty or liquidated damages, a question of intent,* p. 171.

DAMAGES, 5, *Loss of profits,* p. 438.

DEED, 2, *not evidence of seizin,* p. 233.

DIVORCE, 1, *Revision of orders,* p. 116.

ELECTIONS, 2, *Quo warranto—Record—not conclusive,* p. 378.

HIGHWAYS, 6, *Relevancy—Declarations of agent,* p. 430.

PARENT AND CHILD, 2, *Allowance out of property of step-son for his support, how determined—contemporaneous understanding,* p. 14.

RAILROADS, 2, *Other fires,* p. 25.

RELIGIOUS SOCIETIES, 2, *Intention;*—3, *purpose,* p. 151.

WILLS, 2, *Trial of appeal from probate of will—appellant cannot be witness unless executor testifies,* p. 344;—4, *Revocation—declarations;*—5, *Declarations of intention,* p. 475;—7, *Declarations of intention,* p. 127;—18, *Intention,* p. 446.

WITNESS, 1, 2, 3, *Exclusion of party as, when other party is an administrator—account—surviving partner having testified,* p. 206.

## EXCEPTIONS.

### NEW TRIAL.

## EXPERTS.

EVIDENCE, 3, p. 356.

## EXECUTORS.

WILLS, 13, *Trust—discretion—subject to revision,* p. 35.

## EXECUTION.

*1. Levy—appraiser—interest of:*—Where a savings-bank sold to A the debt upon which a writ was then pending, together with the right to prosecute the same to judgment in their name, a depositor in the bank may act as appraiser in setting off the defendant's land on the execution obtained in the suit. *Kelley* v. *Barker,* 70.

*2. Extension of time for redemption:*—For good cause, the time of redeeming land from the levy of an execution can be extended. *Carroll* v. *McCullough,* 95.

MANDAMUS, p. 573.

WRIT OF POSSESSION.

## EXEMPTION FROM ATTACHMENT.

ATTACHMENT, 1, *Actual use;*—2, *Intention*, p. 5.

## EXEMPTION FROM TAXATION.

TAXATION, 6, p. 320.

## FEDERAL CONSTITUTION.

CONSTITUTIONAL LAW.

## FEDERAL COURTS.

REMOVAL TO U. S. COURTS.

## FELONY.

*Civil action maintainable before criminal prosecution:*—When an act for which damages are recoverable in a civil suit at the same time constitutes a felony, it is not necessary that there should be a criminal prosecution of the defendant before a civil action can be maintained. *Quimby* v. *Blackey*, 77.

## FENCES.

*1. An oral agreement* of two land-owners for the division and maintenance of a partition fence for the season, executed by one of them and not rescinded, is valid. *Page* v. *Hodgdon*, 53.

*2. Division by agreement rendered unequal by conveyance—new division:*—When a division of a boundary fence, made by agreement according to the statute, is rendered unequal by a subsequent conveyance of a part of the land on one side of the line, a new division may be made by the fence-viewers, requiring a maintenance of the fence by adjoining land-owners in equal shares. *Pitman* v. *Gale*, 75.

*3. A hearing before the fence-viewers* of L., in reference to a division fence on the line between the towns of L. and N., may lawfully be had in the town of N. *Jaques* v. *Benton*, 232.

## FLOWAGE.

MILLS, *Petition under flowage act—what questions may be litigated—description of right sought*, p. 516.

## FORECLOSURE.

*1. Defendant's grantor not permitted to appear, if, &c.:*—*Writ of possession stayed:*—In a writ of entry on a mortgage, leave may be denied the defendant's grantor to appear as defendant in interest for the adjudication of controversies between himself as mortgagee and the plaintiff, in which the defendant of record, being protected by a stipulation of his grantor, has no interest, and which can be more conveniently settled in a suit between the mortgagees: and judgment may be rendered for the plaintiff without prejudice to the rights of the

defendant's grantor, and the writ of possession may be stayed, if justice requires such procedure. *Parker* v. *Moore*, 196.

2. *Persons barred by :*—The foreclosure of a mortgage according to the provisions of Gen. Laws, *c.* 136, *s.* 14, bars the redemption right of the mortgagor and all persons claiming under him, including minor heirs. *Thompson* v. *Paris*, 421.

SCIRE FACIAS, 2, *Plea of paramount title*, p. 133.

### FRANCHISE.

TOLL-BRIDGES, *Charter for*, *containing no exclusive words*, *&c.*, p. 298.

### FRAUD.

1. *A contract is not invalidated by a false and fraudulent representation* inducing it, if it does not appear that the representation was a substantial or material part of the inducement, or that without it the contract would not have been made. *Ashuelot Savings Bank* v. *Albee*, 152.

2. *Privity of representation :*—A contract induced by a false statement is not thereby invalidated without privity of representation. *Ib.*

3. Such privity does not exist between a savings-bank and its treasurer's sureties who are induced to sign his official bond by oral statements of the bank's soundness made by its trustees, but not made to the sureties, or with any expectation of their coming to their knowledge, or with a belief or reason to believe they would induce any one to become a surety. *Ib.*

4. The statute requiring the reports of the examining committee of a savings-bank to be published (G. L., *c.* 170, *s.* 2) is not a provision for aiding the treasurer of the bank in obtaining sureties on his official bond : and the requirement of publication does not establish, between the bank and the public, such a privity of representation as to authorize any one to become a surety of the treasurer on the faith of a statement in the published reports that the examinations were thorough. *Ib.*

5. *A sale of goods is not rendered void by the want of a change of possession* as against a creditor who has knowledge of the sale, and assents and becomes a party to it by deriving from it a valuable security. *Parsons* v. *Hatch*, 343.

6. *Claimant of right obtained by, not admitted to defend :*—A third person is not admitted to defend in an action of replevin when the only right he shows to the goods rests upon his own fraud. *Levy* v. *Woodcock*, 413.

7. *Conveyance—secret pledge—creditors :*—A conveyance of land, absolute on its face, with a secret agreement that it shall be reconveyed upon the payment of a certain sum by the grantor to the grantee, is void as to creditors of the grantee, although no fraud was actually intended by the parties. *Stratton* v. *Putney*, 577.

DAMAGES, 2, *Expense incurred in investigating*, p. 218.

EQUITY, 9, *will interfere to protect persons of weak mind*, p. 332.

MORTGAGE, *given for a sum larger than the debt, not invalid as against creditors, if, &c.*, p. 248.

SALES, 1, 2, 3, *Representations—rule of caveat emptor*, p. 99 ;—4, *Avoidance of sale as against innocent purchaser*, p. 126.

STATUTE OF LIMITATIONS, 1, *Concealment of cause of action*, p. 77.

### FRAUDULENT CONVEYANCE.

*Preferences:*—The fact that a conveyance was made for the purpose of preferring certain creditors of the grantor, does not of itself make such conveyance fraudulent as to his other creditors. *Osgood* v. *Thorne*, 375.

CRIMES, 1, p. 79.

EQUITY, 6, *Bill by administrator to discover assets;*—7, *Conveyance to hinder collection of alimony;*—8, *Contribution among fraudulent grantees*, p. 312.

FRAUD, 7, *Secret pledge—creditors*, p. 577.

### GIFTS.

ATTORNEY, *To sustain gift from client, burden upon*, p. 613.

### GIFTS *CAUSA MORTIS.*

TITLE, 1, *passes by delivery defeasible only in life-time of donor;*—2, *Validity determined by law of place where made*, p. 552.

### GRANT.

1. *Reservation not implied:*—In a grant of a right to draw water from a pond after the grantor's grist-mill is supplied from the same pond, his right to continue to use the water-power in the mill for a purpose not necessary for the operation of the mill is not implied. *Crawford* v. *Parsons*, 438.
2. *Extent of, determined by visible use at time of:*—A grantor of land, together with certain water-rights and an undivided interest in a flume which crosses the land conveyed and is in use for the enjoyment of water-rights, has not, by implication, the right to appropriate a portion of the land described in the deed for the enlargement of the flume in order that he may have a full and effective enjoyment of his own water-rights on the same flume below. *Gilford Hosiery Co.* v. *Pitman Mfg. Co.*, 500.

TOLL-BRIDGES, *Charter for, containing no exclusive words, &c.*, p. 298.

### GUARDIAN.

*The unfitness of a father* to perform the duties of a natural guardian of his minor child may be cause for appointing another guardian in his place. *Prime* v. *Foote*, 52.

### HIGHWAYS.

1. *Where the selectmen have authority to cause highways to be repaired, they may limit the amount of money to be expended*, and the town will not be liable beyond the sum so limited. *Chalmers* v. *Andover*, 3.
2. *Contribution for expense of:*—Towns may be "situate in the vicinity" of each other, within the meaning of that phrase as used in Gen. Laws, *c.* 68, *s.* 10, although not adjoining. *Langley* v. *Barnstead*, 246.
3. *Right of petitioners for, to withdraw:*—It is ordinarily the right of petitioners

for a highway, before a hearing of the petition, to withdraw upon payment of costs, and the petition may be amended by striking their names therefrom. *Webster* v. *Bridgewater*, 296.

4. *Proceedings before the selectmen in laying out a highway are not necessarily quashed for error on appeal;* but the case may be referred to the county commissioners, upon whose report the decision of the selectmen may be affirmed, modified, or reversed. *Campbell* v. *Windham*, 465.

5. Taking and laying out land for a highway does not give the town a right to erect and maintain a watch-house thereon. *Winchester* v. *Capron*, 605.

6. *Relevancy—declarations of agent :—*In an action for injuries to a traveller on the highway, evidence that the plaintiff's agent had directed a farrier to shoe her horse, which she was driving at the time of the accident, so as to remedy the fault of stumbling, is admissible. *Sprague* v. *Bristol*, 430.

7. *Town not estopped to deny existence of, when, &c. :—*In an action upon the statute of highways, a town is not estopped to deny the existence of a highway not established in a statutory method. *Wentworth* v. *Rochester*, 244.

8. *Omission to file claim—accident, &c.,—question of fact :—*Whether a claimant of damages for a defective highway was unavoidably prevented by accident, mistake, or misfortune from filing his claim in ten days, or whether his omission was caused by his own fault, is a question of fact to be determined at the trial term. *Page* v. *Campton*, 197.

9. *In an action against a town for injuries upon a highway, the fact that the selectmen's certificate of the laying out of the highway was not returned to the town-clerk,* and recorded as required by Gen. Sts., *c.* 61, *s.* 14, until after the expiration of thirty days, will not avail the defendants to show that there was no legal highway. *Randall* v. *Conway*, 513.

RAILROADS, 9, *required to build bridge over highways, although, &c.*, p. 593.

## HOMESTEAD.

1. The sale on execution of an equity of redemption of premises in which a homestead right exists, made after a homestead has been demanded, and before the same has been set off and assigned according to the requirements of the statute, does not give the purchaser a title upon which he can maintain a writ of entry for the land against the person entitled to the homestead. *Laconia Savings Bank* v. *Rollins*, 66.

2. *The only measure of the homestead right is value;* therefore a homestead right in a life estate is five hundred dollars' worth of that estate, and not five hundred dollars' worth of the premises in which the life estate exists. *Squire* v. *Mudgett*, 71.

3. *The right of a widow* in premises set out to her as a homestead under the act of 1868 is an estate for life. *Lake* v. *Page*, 318.

4. *There may be a right of homestead in land on which there is no building, but which* is occupied as a part of the place of his home by the owner living in a hired house. *Rogers* v. *Ashland Savings Bank*, 428.

## HUSBAND AND WIFE.

### DIVORCE; MARRIED WOMAN.

## IMBECILES.

EQUITY, 9, *will interfere to protect*, p. 332.

## IMPROVEMENTS.

TRUSTS, 4, *Resulting,* p. 446.

## INDICTMENTS.

1. *Averment of negative :*—An indictment, for keeping for sale fermented cider in less quantity than ten gallons, need not contain a denial that it was intended to be sold elsewhere than in this state. *State* v. *Perkins*, 368.

2. *Uncertainty :*—An indictment which charges the sale of intoxicating liquor in language equally applicable to the offence described in Gen. Laws, c. 189, s. 13, and that described in s. 15 of the same chapter, is insufficient. *State* v. *Leavitt*, 381.

LAGER BEER, 1, 2, p. 114.

## INDUSTRIAL SCHOOL.

CONSTITUTIONAL LAW, *Commitment by justice of the peace*, p. 406.

## INFANCY.

RELEASE, *to infant co-signer*, p. 419.
PARENT AND CHILD.

## INJUNCTION.

Injunction granted to restrain a mill-owner from opening his gates and allowing water to run to waste, when the plaintiff, an owner on the other side of the stream, taking his water from the same dam, had a right to all the water not needed for use by the defendant. *Fuller* v. *Daniels*, 395.

EQUITY, 11, *Limitations as to use inserted in deed, enforced*, p. 505.
SPECIFIC PERFORMANCE, *decreed against objection of attaching creditor with knowledge,—Injunction to prevent levy*, p. 61.

## INNOCENT PURCHASER.

ATTACHMENT, 5, *of all real estate in town*, p. 435.
EASEMENTS, p. 283.
SALES, 4, *Avoidance of, as against*, p. 126.

## INSURANCE.

1. " *Nonforfeiture* " *policy,—Construction :*—A reduced, " nonforfeiture," " paid-up " policy of life insurance *held*, upon certain stipulations, not to be forfeited for nonpayment of interest. *Cowles* v. *Insurance Co.*, 300.

2. *Assignment of, by insured, as against beneficiary :*—The beneficial interest in a policy of insurance procured by a father on his life, for the benefit of and pay-

able to his minor son, vests in the son upon the delivery of the policy, and a subsequent assignment of the policy by the father as security for his own debt conveys no title. If the son joins in the assignment he may avoid it, but he must pay the assignee the premiums necessarily paid by him to keep the policy in force while it was rightfully in his possession. *Bank* v. *Whittle*, 587.

## MUTUAL RELIEF ASSOCIATIONS.

## INTOXICATING LIQUORS.

### SPIRITUOUS LIQUORS.

## JAIL, DISCHARGED FROM.

### DISCHARGED FROM JAIL, p. 389.

## JUDGMENTS.

1. Judgments and awards bind only parties and privies. *Mahagan* v. *Mead*, 103.
2. A judgment by default against one not an inhabitant of this state, where there is no service of the writ except by publication, is not a judgment *in personam*, and can be given no force or effect beyond an appropriation of the property attached on the writ. *Eastman* v. *Dearborn*, 364.
3. In an action on such a judgment, the validity of an attachment of the defendant's property on the original writ cannot be questioned. *Kendrick* v. *Kimball*, 33 N. H. 482, qualified.
4. Judgment on default no bar, &c.:—A judgment rendered upon default for the price of goods sold, the amount thereof being fixed by agreement, is not a bar to an action by the purchaser for a breach of warranty of the quality of the goods. *Parker* v. *Roberts*, 431.
5. Divisible claim—dependent on single question of fact:—A judgment in favor of a plaintiff for sums of money alleged to be his and to have been paid by mistake, is not a bar to a claim of the defendant for other similar sums received by the plaintiff and not paid to the defendant, although the ownership of all the sums depends on a single question of fact which was tried, and on the decision of which the judgment was based. *Metcalf* v. *Gilmore*, 174.
6. In such a case, the claim being divisible, an item which the defendant could have presented in recoupment, but which he did not present, is not barred by a judgment against him on the other items which he did present, although the validity of all the items depended upon the single question of fact, on which the plaintiff prevailed. *Ib.*
7. Trespass q. c. f.—writ of entry:—A judgment for the plaintiff in an action of trespass *quare clausum fregit*, rendered upon a plea of soil and freehold in the defendant, is conclusive of the title in a writ of entry for the same land afterwards brought by the former defendant against the former plaintiff. *Moran* v. *Mansur*, 377.

DAMAGES, 6, *may be apportioned among defendants if, &c.*, p. 587.
DIVORCE, 3, *Former judgment not conclusive as to facts merely evidentiary but not in issue*, p. 444.

44*

EVIDENCE, 7, *Extrinsic*, p. 31 ;—13, *against third persons*, p. 400.
FORECLOSURE, 2, *Persons barred by*, p. 421.
PROBATE LAW, 11, *Decree conclusive*, p. 458.

## JOINDER OF ACTIONS.

LANDLORD AND TENANT, 3, *Assumpsit for rent amended by adding count in trover*, p. 124.
PLEADING.

## JURISDICTION.

*Of supreme court, on appeal from unauthorized judgment of police court :*—The supreme court has no jurisdiction to try a complaint brought by appeal from the judgment of a police court, in a case where the police court has not authority to render judgment, but only to hold the defendant to recognize for his appearance at the trial term.   State v. *Perkins*, 89.

## JUSTICE OF THE PEACE.

CONSTITUTIONAL LAW, 1, *Not disqualified by age*, p. 37 ;—4, *commitment by, to industrial school*, p. 406.
POLICE COURT.

## LAGER BEER.

*1.* Under Gen. Laws, c. 109, s. 15, an indictment for unlawfully keeping lager beer for sale need not allege that lager beer is spirituous or intoxicating liquor.  State v. *Thornton*, 114.

*2.* Such an indictment is not vitiated by an averment of a prior conviction of the defendant for a similar offence by a police court, not authorized to enter a conviction except upon a plea of guilty.   *Ib.*

*3.* On appeal from a judgment of conviction in a police court having jurisdiction only to bind the defendant over to another court, the defendant prevails by a dismissal of his appeal.   *Ib.*

## LANDLORD AND TENANT.

*1.* An action for use and occupation can only be maintained upon a promise, express or implied, to pay for the occupation.   Barron v. *Marsh*, 107.

*2.* Whether a promise to pay rent is to be implied from occupation and other circumstances is a question of fact.   Welcome v. *Labontee*, 124.

*3.* Assumpsit for rent amended by adding count in trover :—A declaration in assumpsit for the rent of a building erected by the plaintiff on land of the defendant's wife, may be amended by the addition of a count in trover for the same shop, the defendant having promised more than six years before the date of the writ to pay the plaintiff rent for it, but having afterwards refused so to do, and having converted the shop to his own use.   *Ib.*

*4.* Liability of devisee for rent :—The devisee of an unexpired term, who does not enter upon the demised premises nor in any way signify his intention to accept the lease, is not liable for the rent.   Whitcomb v. *Starkey*, 607.

## LEASE.

DEED, 1, *in fee, passes term for years*, p. 230.

## LEGACIES.

WILLS.

## LEGISLATURE.

CONSTITUTIONAL LAW, 5, *Legislative power cannot be suspended by a general statute, &c.*, p. 625.

## LICENSE.

EASEMENTS, *Purchaser without notice*, p. 283.

## LICENSE TO PRACTICE MEDICINE.

MEDICAL PRACTICE, *Grounds for refusal of license*, p. 92.

## LICENSE TO SELL REAL ESTATE.

PROBATE LAW, 8, *Petition denied if, &c.*, p. 29.

## LIFE INSURANCE.

INSURANCE, 1, " *Nonforfeiture* " *policy—construction*, p. 300.

## LIEN.

*At common law, one who contracts to haul and deliver lumber* on the cars at an agreed price, to be paid when it is sold in market and the avails received, has no lien thereon at common law for his labor. *Stillings* v. *Gibson*, 1.

REFERENCE, 1, *Submission no bar to action to enforce lien*, p. 73.

## LINES.

BOUNDARIES.

## LOTTERY.

The publication of an account of a lottery lawfully established in another state, as well as of a lottery put up in this state, is an indictable offence. *State* v. *Moore*, 9.

## MANDAMUS.

*For issue of execution :*—A police court record, containing a clerical error, does not entitle a party to a *mandamus* for the issue of an execution to which he would not be entitled on a correction of the error. *Mansfield* v. *Fassett*, 573.

SELECTMEN, *Enforcement of assessment of tax*, p. 201.

652 INDEX.

## MARRIAGE.

PARENT AND CHILD, 3, *Right of custody terminated by marriage of female infant*, p. 415.

## MARRIED WOMAN.

A married woman is under no legal disability to set up the defence of her disability to be a surety of her husband. *Bergeron* v. *Savings Bank*, 195.

TRUSTS, 2, *Mortgage by married woman, cestui que trust*, p. 109.
DIVORCE.

## MASTER AND SERVANT.

*Negligence of servant:*—The plaintiff's servant, in charge of his mowing-machine and horses attached, abandoned them to engage in an unlawful personal combat with the defendant. The horses being frightened by the noise of the encounter, ran away and injured the machine. *Held*, that the plaintiff was affected with the negligence of his servant in leaving the horses, and could not recover for the damage to his machine. *Page* v. *Hodge*, 610.

## MEDICAL PRACTICE.

*Grounds for refusal of license:*—Under Gen. Laws, c. 132, s. 2, the board of censors cannot refuse to grant a license to practise medicine on any other ground than the applicant's lack of medical knowledge, without a trial. *Gage* v. *Censors*, 92.

## MILLS.

*Mill-owner's petition under flowage act—what questions may be litigated—description of right sought:*—On a mill-owner's petition under the mill act (Gen. Laws, c. 141, ss. 15–19), the defendant's title, and the question whether any damage has been or will be done to the defendant's land, may be contested by the plaintiff; and in pleading, the flowing capacity of the plaintiff's dam may be a sufficient measure and description of the right sought to be taken for public use. *Hovey* v. *Perkins*, 516.

DAMAGES, 5, *Loss of profits*, p. 438.
WATER.

## MINOR.

PARENT AND CHILD.

## MISTAKE OR MISFORTUNE.

ACCIDENT, MISTAKE, OR MISFORTUNE.

## MORTGAGES.

1. *Given for a sum larger than the debt, not invalid as against creditors, if, &c.:*—A mortgage given to secure a note made for a larger sum than the amount

actually due from the mortgagor is not invalid as against creditors of the mortgagor, if it appears that it was not made to hinder, delay, or defraud those creditors. *Whittredge* v. *Edmunds*, 248.

2. *Bill to redeem—time for redemption:*—In a decree for the plaintiff on a bill for the redemption of land from a mortgage, a year from the date of the decree is the time ordinarily given for redemption. *Murphy* v. *The New Hampshire Savings Bank*, 362.

3. *Quitclaim operates as assignment when, &c.:*—Where land is subject to two mortgages held by different persons, and the first mortgagee is in possession for the purpose of foreclosure, his quitclaim conveyance to a purchaser of the equity of redemption operates as an assignment of the first mortgage, and not as a discharge of it, justice requiring the instrument to have that effect. *Greene* v. *Currier*, 563.

4. *Order of liability of parcels successively sold:*—If successive sales of portions of mortgaged land are made to different persons by the mortgagor, the part unsold is first liable to satisfy the mortgage debt, and after it the parcels sold in the inverse order of the sales. *Mahagan* v. *Mead*, 570.

5. The same rule applies in the case of successive conveyances with warranty by the mortgagor's grantee. *Ib.*

### FORECLOSURE.

FRAUD, 7, *Conveyance—secret pledge—creditors*, p. 577.

SCIRE FACIAS, 2, *on judgment of foreclosure—plea of paramount title*, p. 133.

STATUTE OF LIMITATIONS, 3, *as against mortgagee*, p. 562.

SURETY, *payee entitled to securities held by*, p. 417.

TRUSTS, 2, *Mortgage by married woman, cestui que trust*, p. 109.

### MOVABLES.

REAL ESTATE, *Hay-scales*, p. 57.

### MUNICIPALITIES.

CEMETERY, 2, 3, *Eminent domain*, p. 42.
WATER-COURSE.

### MUTUAL RELIEF ASSOCIATIONS.

1. *Change of beneficiary by surrender of certificate, &c.:*—Where the by-laws of a mutual benefit association, in the nature of a life insurance company, provide that upon the death of a member the benefit shall be paid to his direction, the member may change the beneficiary by surrendering his certificate of membership and procuring a new one made payable to the person therein named. *Barton* v. *Association*, 535.

2. *A certificate of membership in a mutual relief association may be reformed after the death* of the member by inserting the name of a beneficiary, when it appears that the secretary of the association and the assured both understood at the time of the application that the proposed name should be entered upon the record without further direction. *Scott* v. *Association*, 556.

## NEGLIGENCE.

*Contributory—in action for double damages :*—The doctrine of contributory negligence applies in an action to recover double damages, under Gen. Laws, *c.* 115, *s.* 11, for an injury done by a dog. *Quimby* v. *Woodbury,* 370.

HIGHWAYS, 8, *Omission to file claim—question of fact,* p. 197.
MASTER AND SERVANT, p. 610.

## NEW PROMISE.

CONSIDERATION, 1, *Extinguished indebtedness,* p. 229.
CONTRACTS, 1, *Time of making new promise ;* 2, *Conditional promise,* p. 39.

## NEW TRIAL.

*1. A defendant's failure to present his defence,* caused by the negligence of himself or his counsel, is not a cause for a new trial. *Carroll* v. *McCullough,* 95.
*2. A verdict is not set aside for the admission of evidence competent for some purpose, and not shown* to have been offered or used for a purpose for which it was incompetent. *Rogers* v. *Kenrick,* 335.
*3. The use of a chalk in the plaintiff's closing argument is not made a cause for a new trial by the fact that* it was not exhibited before the close of the defendant's argument. The justice of the defendant's having an opportunity to reply, if he is surprised by it, is a question of fact to be determined at the trial. *Ib.*
*4. An allusion of counsel to the importance of the case to his client,* not found to be unfair or prejudicial in fact, *held* not to be of such a character as to show a mis-trial as a matter of law. *Gault* v. *R. R.,* 356.

EQUITY, 4, *Accident, mistake, or misfortune,* p. 198.
PRACTICE, 1, *Remedy for default without notice,* p. 65 ; 7, *Request for instructions as to matter of fact,* p. 448.

## NOTICE.

AMENDMENTS, 3, *in defaulted actions,* p. 420.
ATTACHMENT, 5, *of all real estate in town—innocent purchaser,* p. 435.
EASEMENTS, *Parol license—purchaser without notice,* p. 283.
SUMMONS, *Actual notice,* p. 111.

## OCCUPANCY.

POSSESSION.

## OFFICER *DE FACTO.*

ELECTIONS, 3, p. 378.

## PARENT AND CHILD.

*1. Obligation to support step-son—allowance out of child's property :*—A step-father who assumes the relation of a parent to his infant step-son accepts the

parental obligation of supporting him, so far as such obligation would affect the claim of a father for an allowance out of the child's property for maintenance. *Ela* v. *Brand*, 14.

2. *Allowance, how determined :—Evidence of contemporaneous understanding :—* What allowance, if any, shall be made to a father out of his children's property for their maintenance is a question of equity, to be decided upon a consideration of the circumstances of the case, including the respective estates of father and child, and with a due regard for the general rule of parental duty ; and on this question, evidence of the contemporaneous understanding of the parties is admissible, but not conclusive. *Ib.*

3. *Right of custody terminated by marriage :—*The legal marriage of a female infant terminates the father's right to her custody and services. *Aldrich* v. *Bennett*, 415.

## PARTIES.

AMENDMENT, 1, *by joining plaintiff*, p. 60.
DAMAGES, 6, *may be apportioned among defendants, if, &c.*, p. 587.
FRAUD, 6, *Claimant of right obtained by, not admitted to defend*, p. 413.
TENANCY IN COMMON, 1, *Agreement by grantee not to dispose of premises, &c., no defence*, p. 200.

## PARTITION.

In a petition for partition under the statute, the committee have no authority, without the consent of the parties, to set off to one more than his just share of the estate, and award that he pay a sum of money to the others to make it equal. *Whitney* v. *Parker*, 416.

## PARTNERSHIP.

1. A surviving partner's assignment of all real and personal estate " belonging to me personally, or as surviving partner   *   *   *   to divide and pay all the balance of said proceeds among all my creditors according to law," conveys his separate property for the benefit of his separate creditors, and the partnership property for the benefit of the partnership creditors. *Moody* v. *Downs & Gignoux*, 50.

2. Such an assignment is not rendered void by a mortgage made by the debtor to secure one of his creditors before the assignment and on the same day, if the mortgage and assignment are distinct and independent transactions, and the mortgage is not made in contemplation of the assignment. *Ib.*

3. The appropriation of partnership property to the payment of the individual debts of a partner is valid against subsequent creditors of the firm. *Farwell* v. *Metcalf*, 276.

4. The provisions of Gen. Laws, c. 117, ss. 1, 2, requiring every firm to file with the town-clerk a certificate of their names and residences, do not affect a suit against a partner upon a cause of action not growing out of the affairs of his firm. *Tucker* v. *Adams*, 361.

5. When a sheriff, attaching partnership goods as the property of a member of the firm, takes a receipt for them from another member, and leaves them in the

possession of the firm, the paramount partnership title is a defence in an action on the receipt. *Ib.*

## PAUPERS.

Residence within a county for one year fixes the liability of the county for the support of a poor person, under Gen. Laws, *c.* 83, *s.* 15, whether relief was furnished to such persons within the year of residence or not. *Merrimack County* v. *Grafton County*, 550.

## PEDDLING.

CONSTITUTIONAL LAW, 2, 3, *Withholding privilege from citizens of other states*, pp. 135, 267.

## PERSONAL PROPERTY.

REAL ESTATE, *Hay-scales*, p. 57.

## PLEADING.

*1. Trover amended by joining count in assumpsit :*—Where the facts appearing on the trial of an action of trover showed that the plaintiff was entitled to recover for the same cause in an action of assumpsit, the court declined to consider the question whether trover could be maintained, but gave the plaintiff leave to amend by joining a count in assumpsit, and thereupon ordered judgment. *Peaslee* v. *Dudley*, 220.

*2. Counts in covenant and case may be joined* in a declaration on a single cause of action. *Crawford* v. *Parsons*, 438.

EQUITY, 1, *Bill by creditor against fraudulent assignee of debtor—allegation of damages*, p. 12.

EVIDENCE, 6, *in recoupment not admissible under general issue*, p. 23;—25, *of inducements by false representations*, p. 99.

MILLS, *Petition under flowage act—description of rights sought*, p. 516.

SCIRE FACIAS, 1, *Requisites of plea that judgment was rendered in fraud of creditors ;—*2, *Plea of paramount title*, p. 133.

STRAYS. *Negative allegation*, p. 612.

AMENDMENTS ; INDICTMENTS.

## PLEDGE.

FRAUD, 7, *Conveyance—secret pledge—creditors*, p. 577.

## POLICE COURT.

JURISDICTION, *of supreme court on appeal from unauthorized judgment of police court*, p. 89.

## POOR DEBTOR.

*Objection to competency of magistrate—waiver :*—An objection to the competency of a magistrate appointed to determine whether an execution debtor shall be

admitted to take the poor debtor's oath, should be addressed to the judge who makes the appointment. *Osgood* v. *Thorne*, 375.

## POOR-LAWS.

### PAUPERS.

## POSSESSION.

ADVERSE POSSESSION, 1, *Privity;*—2, *to sustain claim for betterments tenant must show, &c.*, p. 597.

  DEED, 2, *not evidence of seizin*, p. 233.

  FRAUD, 5, *Change of possession*, p. 343.

  STOPPAGE IN TRANSITU, 1, 2, *when terminated*, p. 565.

## PRACTICE.

*1. The remedy of a defendant who has been defaulted without notice* is by a petition for a new trial or by motion, and not on a bill in equity. *Moore* v. *Carpenter*, 65.

*2. Invention of procedure:*—The necessity of a plenary remedy for the infringement of a legal right, accepted as a general rule of the common law, authorizes and requires the invention and use of convenient procedure for ascertaining and establishing the right and obtaining the remedy. *Brooks* v. *Howison*, 382.

*3. Assumpsit between cotenants:*—When a single action of assumpsit is an adequate and convenient mode of recovering money which one of several common owners of a chattel expressly or impliedly promised to pay his cotenants for his exclusive use of it, the promisees may join in such action at common law, and their several rights in the damages may be established and enforced by a necessary form of judgment and execution. *Ib.*

*4. Equity—inadequacy of remedy at law:*—When their shares of the value of his use of the common property are to be allowed as a payment to him by them as his cosureties, and their claim and other related affairs are entitled to a joint and complete adjustment which cannot be made at law, the inadequacy of remedy at law is a ground of chancery jurisdiction. *Ib.*

*5. Action at law and bill in equity prosecuted at the same time:*—Justice may require the prosecution of an action at law and a bill in equity on the same cause of action at the same time. *Ib.*

*6.* A hypothetical case may be discharged without a decision. *Hazen* v. *Railroad*, 390.

*7. Request for instructions as to matter of fact:*—A request for instructions to the jury, which, in effect, assume as matter of law what should be left to the jury as matter of fact, is properly denied. *Whitman* v. *Morey*, 448.

*8.* A request for instructions which in effect require the proponent of a will to explain why the testator made it as he did, is properly denied. *Ib.*

*9. Right to convenient remedy and procedure:*—Conformably to the common law of this state, for ascertaining, establishing, and vindicating contested rights in civil cases, each party is entitled to such remedy, including form, method, and order of procedure, as justice and convenience require. *Owen* v. *Weston*, 599.

45*

*10.* When the question is raised in a suit at law whether a third person should be sole defendant, justice may require an amendment and notice making him a defendant, and a mode of trial on which the three parties will be bound by the judgment. *Ib.*

*11.* *Order of trial of issues :*—Whether all or a part only of the issues in an action shall be tried at one time, and which shall be tried first, is a question of justice and convenience, and ordinarily a matter of fact to be determined at the trial term. *Ib.*

ACTIONS, 1, *Invention of remedy*, p. 321.

DAMAGES, 6, *may be apportioned among defendants if, &c.*, p. 587.

EQUITY, 3, 4, *Final decree not reopened when, &c.*, p. 198 ;—5, *Defendant may have affirmative relief upon answer*, p. 283 ;—10, *Suit, when commenced*, p. 402 ;—12, *Rejection of supplemental answer, where determined*, p. 534.

EVIDENCE, 5, *Foreign Law*, p. 405 ;—15, 22, 26, *Leading questions*, pp. 128, 355, 448.

EXECUTION, 1, *Levy—appraiser—interest of*, p. 70 ;—2, *Extension of time for redemption*, p. 95.

FORECLOSURE, 1, *Defendant's grantor not permitted to appear if, &c. ;—Writ of possession stayed*, 196.

HIGHWAYS, 3, *Right of petitioners for, to withdraw*, p. 29.

NEW TRIAL, 1, 2, 3, 4, *Causes for*, pp. 95, 335, 356 ;—3, *Justice of opportunity to reply—where determined*, p. 335.

PROBATE LAW, 10, *Decree according to agreement of counsel, appeal denied*, p. 330.

VERDICT, 1, *Correction of mistake ;—2, Recommittal*, p. 301.

AMENDMENTS.

## PROBATE LAW.

*1.* *Contingent claims :*—The power of a probate court to require an administrator to retain funds in his hands for the payment of a contingent claim is not limited to the case of an estate administered in the solvent course.    *Wheeler* v. *Joslin*, 164.

*2.* *Appointment of administrator, appeal from, by administrator appointed in another state :*—A person appointed in another state administrator of the estate of a deceased citizen of that state, may be presumed to have such a representative interest as will entitle him to appeal from the appointment of another administrator of the estate in this state.    *Graves* v. *Tilton*, 192.

*3.* *Discharge of administrator :*—A decree of the judge of probate, under *s.* 25, *c.* 199, Gen. Laws, does not necessarily discharge the administrator and close the settlement of the estate, and an appellant from the disallowance of his claim by the commissioner of insolvency is not thereby barred from prosecuting his appeal to final judgment, and, if his claim is established, placing it on the list with the other creditors.    *Clough* v. *Clark*, 403.

*4.* *Foreign—authority to sell, &c. :*—In the absence of ancillary administration or statutory prohibition, the domiciliary administrator appointed in another state has authority to sell and assign stock of the decedent in a corporation in this

state, and the corporation may voluntarily consent to its transfer by accepting the outstanding certificate and issuing a new one to the purchaser. *Luce* v. *Railroad*, 588.

5. Gen. Laws, *c.* 201, *s.* 18, does not take away or abridge this authority, but enables foreign executors and administrators to compel unwilling bailees and corporations, holding property of the deceased in this state, to recognize their title without the expense and inconvenience of administration here. *Ib.*

6. *Executors may make necessary repairs upon the tomb* and monument of the deceased, although a provision for such repairs, which turns out to be insufficient, was made in the will. *Bell* v. *Briggs*, 592.

7. *To nephews and nieces, next of kin, in equal shares :*—Under the statute of distributions, there being none nearer of kin living, the children of deceased brothers and sisters take equal shares *per capita*. *Nichols* v. *Shepard*, 391.

8. *Petition for, denied if, &c. :*—An administrator's petition for a license to sell real estate for the payment of debts may be denied, if the delay of the creditors in applying for the appointment of the administrator has rendered a sale inequitable. *Hatch* v. *Kelly*, 29.

9. *A copy of a will executed and proved according to the laws of another state may be filed* here with a copy of its probate, and will then have the same effect in the disposition of property both real and personal situated in this state as though it had been executed and proved according to the laws of this state. *Kennard* v. *Kennard*, 303.

10. *Decree according to agreement of counsel—leave to appeal refused:*—Leave to appeal from a decree of the probate court allowing the settlement of an administrator's account, cannot be granted when the terms of the settlement were agreed to by counsel for the petitioners, and there was no fraud, and the only errors in the account were such as would have been discovered by reasonable diligence on the part of the petitioners and their counsel. *Ahern* v. *Mann*, 330.

11. *Decree conclusive :*—A decree of the judge of probate on the settlement of an administration account concludes an infant whose guardian has notice and is present. *Simmons* v. *Goodell*, 458.

12. If an appeal is not taken, a decree has the same effect as the judgment of a court of common law. *Ib.*

13. *Correction of errors in record :*—Errors in the decree can be corrected only upon appeal: errors in the record of the decree may be corrected at any time. *Ib.*

14. The appellant is confined to his reasons of appeal, but the whole record is open to the appellee. *Ib.*

GUARDIAN, *Unfitness of father*, p. 52.

PARENT AND CHILD, 1, *Obligation to support step-son—allowance out of child's property ;*—2, *how determined—evidence of contemporaneous understanding*, p. 14.

STATUTE OF LIMITATIONS, 2, *Promise by administrator to pay claim*, p. 366.

WILLS, 12, *Interest of appellant to entitle him to appeal, a question for the court*, p. 507.

WILLS.

## PROMISSORY NOTES.

*It is no defence to an action by the indorsee of a promissory note against the maker, that the note was without consideration* as between the maker and payee; and it is immaterial that the note was received by the plaintiff for money which he had placed in the hands of the payee to be loaned for investment, but which the latter had applied to his own general use. *Trask* v. *Wingate*, 474.

CONFLICT OF LAWS, 1, *Payment pro tanto*, p. 342.
RELEASE, *to infant co-signer*, p. 419.
SURETY, *payee entitled to securities held by*, p. 417.

## PUBLIC CEMETERY.

### CEMETERY.

## PURCHASER WITHOUT NOTICE.

ATTACHMENT, 5, *of all real estate in town*, p. 435.
EASEMENTS, p. 283.

## QUESTION OF FACT.

*It is not error if the court declines to instruct the jury* that a deed conveyed a title when its delivery is a pending question of fact. *Osgood* v. *Eaton*, 355.

CONTRACTS, 4, *Ascertainment of intent*, p. 438.
EVIDENCE, 5, *Foreign Law*, p. 405;—15, 22, 26, *Leading question*, pp. 128, 355, 448.
HIGHWAYS, 8, *Omission to file claim—accident, &c.*, p. 197.
LANDLORD AND TENANT, 2, *Use and occupation—implied promise*, p. 124.
NEW TRIAL, 3, *Justice of opportunity to reply*, p. 335.
PRACTICE, 10, *Order of trial of issues*, p. 599.
VERDICT, 2, *Recommittal*, p. 301.
WILLS, 12, *Interest of appellant to entitle him to appeal*, p. 507.

## RAILROADS.

*1. Statutory liability as insurers :—Railroads engaged in interstate commerce are not exempt by their federal constitutional rights from* the operation of c. 8, s. 162, Gen. Laws, which makes the proprietors of every railroad liable as insurers for damage done by fire from a locomotive on their road. *Smith* v. *Railroad*, 25.

*2. Relevancy—evidence of other fires :—*Evidence that certain fires were set by the the defendants' locomotives may tend to show that another fire could have been and probably was set in the same manner. *Ib.*

*3. Damages—reduction on account of plaintiff's insurance :—*In an action upon Gen. Laws, c. 162, s. 8, for the destruction of property by fire from a locomotive, the defendants are entitled to no reduction on account of the plaintiff's insurance, if the insurer has paid nothing. *Ib.*

*4.* If a railroad charges and receives, for transporting a car-load of merchandise to the station on its road where it delivers the goods and they are accepted by the consignee, more than it charges for transporting the same a greater distance, it is liable to the penalty imposed by *c.* 55, Laws of 1879, although by the original contract the merchandise was to be transported to a more distant station. *Osgood* v. *Railroad,* 255.

*5.* *Maintenance of crossings for private ways :*—A provision in the charter of a railroad corporation, that the road shall be so constructed as not to obstruct the safe and convenient use of any private way which it crosses, imposes upon the corporation the duty of maintaining a safe and convenient crossing for such private way. *Keefe* v. *Railroad,* 271.

*6.* *Land-damages—assessment—payment—appeal:*—Payment or tender of assessed land-damages is required before land can be taken for a railroad use, without the owner's consent, under Gen. Laws, *c.* 160, *ss,* 29, 22; the statute does not authorize a reduction of the damages on appeal when they have been paid to the land-owner or the state treasurer; and the land-owner does not waive his right of appeal by receiving the amount awarded. *Low* v. *Railroad,* 557.

*7.* *Land-damages—rule of:*—In determining the value of lands appropriated for public purposes, the same considerations are to be regarded as in a sale between private parties, the inquiry in such cases being, What, from their availability for valuable uses, are they worth in the market? *Ib.*

*8.* As a general rule, compensation to the owner is to be estimated by reference to the uses for which the appropriated lands are suitable, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future. *Ib.*

*9.* *Required to build bridge over highway although, &c. :*—Under Gen. Laws, *c.* 161, *s.* 3, a railroad may be required to build a bridge over a highway established by law, though not constructed. *Railroad* v. *Nashua,* 593.

COMMISSIONERS, RAILROAD, *have no authority to fix table of charges beyond line of state,* p. 259.

DAMAGES, 3, 4, *for personal injuries resulting in death,* p. 404.

REAL ACTIONS.

ACTIONS, 2, *For remainder of land,* p. 321.

REAL ESTATE.

*Hay-scales* annexed for use to land in the usual manner by the owner of the land, with no purpose of removing them, are real estate, and cannot be conveyed or constructively severed from the soil and converted into personal property by a bill of sale not under seal. *Dudley* v. *Foote,* 57.

ADVERSE POSSESSION, 1, *Privity* ;—2, *To sustain claim for betterments tenant must show, &c.,* p. 597.

RECEIPTOR.

PARTNERSHIP, 5, *property of, attached on individual debt—defence by receiptor,* p. 361.

## RECORD.

ELECTIONS, 2, *Conclusiveness*, p. 378.
PROBATE LAW, 13, *Correction of errors*, p. 458.

## RECOUPMENT.

*Breach of contract :*—By the law of Vermont, one who, for insufficient reasons, abandons his contract to haul a specified quantity of timber for $1.50 per thousand feet, can recover for what he has hauled at the price agreed less the damage caused by his breach of the contract. *Jordan* v. *Fitz*, 227.

EVIDENCE, 6, *Under general issue*, p. 123.

## REFERENCE.

*1. Submission no bar to action to enforce lien if, &c,* :—A submission under the statute, upon which no award has been filed, is no bar to an action for the same cause brought to enforce a laborer's lien. *Pitman* v. *Thompson*, 73.
*2. The report of a referee should state facts,* and not the evidence on which they are found. *Roberts* v. *Barker*, 332.
*3. Finding of evidence equally balanced* :—Upon a general finding for the defendant by a referee, the defendant is entitled to judgment notwithstanding the referee states in his report that he has been unable to reach a decision which he is satisfied is correct, and that he finds for the defendant on the ground that the burden of proof is on the plaintiff. *Cummings* v. *Remick*, 429.

## REFORM SCHOOL.

INDUSTRIAL SCHOOL.

## RELEASE.

*A release to an infant co-signer* of a joint note, after he has repudiated the contract, and reconveyed his interest in the land for which the note was given within a reasonable time after reaching majority, has not the effect to discharge the other signer. *Young* v. *Currier*, 419.

## RELEVANCY.

EVIDENCE.

## RELIGIOUS SOCIETIES.

*1. Alterations in pews—assignment of new pews* :—When, with the assent of a religious society owning a meeting-house, repairs and alterations changing the location of the pews are made by the pew-holders, an equitable assignment of the new pews among the pew-holders, by a committee of the pew-holders acting with their implied assent and in pursuance of a vote of the society, is valid. *Colby* v. *Society*, 63.

*2.* Where a church organ was bought with funds raised by voluntary subscription, whether the property shall remain in the contributors, or pass by gift to the church or society, depends upon the intention of the contributors. *Downes* v. *Society*, 151.

*3.* On that question the person who obtained the subscriptions may testify as to the purpose for which he obtained them. *Ib.*

## REMAINDER.

ACTIONS, 2, p. 321.
ESTATES.

## REMEDIES.

PRACTICE.

## REMOVAL TO U. S. COURTS.

The third clause of section 639 of the U. S. Rev. Sts., which relates to the removal of causes to the federal courts on account of prejudice or local influence, was not repealed by the act of congress of March 3, 1875, and is still in force. *Lamb* v. *Lynch*, 243.

## RENT.

LANDLORD AND TENANT.

## REPLEVIN.

SALES, 5, *Conditional—replevin not maintainable against purchaser of vendee's interest, until, &c.*, p. 221.

## RES ADJUDICATA.

JUDGMENTS.

## RESTRAINT OF TRADE.

CONTRACTS, 3, p. 147.

## RESULTING TRUST.

TRUSTS, 4, *Improvements*, p. 446.

## SALES.

*1.* False and fraudulent representations, calculated and intended to mislead, and prevent examination and inquiry as to the quality and character of a stock of goods, made by a vendor to a purchaser unacquainted with such goods, who, exercising ordinary prudence, is induced to make the purchase, relying upon the representations as true, and is thereby deceived, are actionable. *Stewart* v. *Stearns*, 99.

2. The rule *caveat emptor* applies ordinarily to cases free from actual fraud where the parties deal upon an equal footing and with equal means of knowledge, and it is not applicable as a general rule when false and fraudulent representations of material facts are made by the vendor, and the parties have not equal facilities for ascertaining the truth. *Ib.*

3. In such cases the purchaser has the right to rely upon the statements of the vendor; and where the purchaser is justified in relying upon the representations of the vendor, the rule *caveat emptor* does not apply. *Ib.*

4. *The right of creditors of a fraudulent vendor of chattels to avoid the sale* cannot be exercised against one who, without notice of the fraud, has in good faith purchased the property from the fraudulent vendee. *Comey v. Pickering*, 126.

5. *Conditional—replevin not maintainable against purchaser of vendee's interest— until, &c.:*—Where by the terms of a conditional sale of oxen the vendee was to keep them without cost to the vendor, and return them in two years if not paid for, the vendor cannot maintain replevin for the cattle against a purchaser of the vendee's interest before the expiration of the two years. *Nutting* v. *Nutting*, 221.

FRAUD, 5, *Change of possession*, p. 343.
STOPPAGE IN TRANSITU, 1, 2, *when terminated*, p. 565.

## SALE OF SPIRITUOUS LIQUOR.

### SPIRITUOUS LIQUOR.

## SAVINGS-BANKS.

1. *Division of property* :—Section 20 of *c.* 170, Gen. Laws, is a provision for a division of property owned by the depositors as tenants in common. *Francestown Savings-Bank Case*, 138.

2. A depositor's withdrawal of the amount of his reduced account is not a gift of his share of undivided deposits to his co-tenants. *Ib.*

3. When some depositors had withdrawn the amount of their reduced accounts, and others did not withdraw anything until the bank was wound up, 5 per cent. interest was allowed the latter on the amount of their reduced accounts, and the remainder in excess of the reduced accounts was divided proportionally among all who were depositors when the accounts were reduced. *Ib.*

4. *Ultra vires—estoppel:*—A savings-bank is not estopped to claim that it was not authorized by its charter to receive for safe keeping U. S. bonds delivered to a clerk of its treasurer, when neither the bonds nor their avails have come to its possession. *Greeley* v. *Savings-Bank*, 145.

FRAUD, 2, 3, 4, *Privity of representation*, p. 153.

## SCHOOL-DISTRICTS.

1. *A school-district situate in two or more towns is entitled to its just proportion of money* raised for school purposes by vote of the several towns beyond the amount required by law to be assessed, according to the valuation of persons

and property taxable therein; and a vote of one of the towns making a different disposition of such money is inoperative. *School-District* v. *Twitchell*, 11.

2. *Where a contract between a school-district and an incorporated academy, made in pursuance of Gen. Laws, c. 90, s. 15, provides for* the transfer to the academy of the functions appertaining to the offices of superintending and prudential committees under the general school laws of the state, the duties and powers of those officers, with respect to the school maintained under the contract, cease while the contract remains in force. *Paye* v. *Academy*, 216.

3. A tax-payer in the contracting district cannot maintain a bill in equity to restrain the academy from violating such contract in a matter not affecting his interest. *Ib.*

4. When such agreement by its terms was to continue in force until a certain day, "and for such further time as the contracting parties might deem useful and expedient, and by renewal and extension might agree upon," the approval of the superintending committee having been duly given to the original contract according to the requirement of the statute, their approval of the extension is not necessary. *Ib.*

5. Independent school-districts, exercising powers equal to those of a town district, were "districts organized under special acts," within the meaning of the proviso of *s. 1, c. 43,* Laws of 1885. *Sargent* v. *Union School-District*, 528.

SELECTMEN, *Not the duty of, to inquire into legality of vote to raise money,*
p. 201.

TAXATION, 1.

## SCHOOL LAWS.

SUPREME COURT, 1, *Legislative power cannot be delegated to;*—2, 4, *Provisions for rules and forms,* p. 574.

## SCIRE FACIAS.

1. *Pleading:*—In *scire facias* on a judgment of foreclosure, a plea of the defendant's administrator that the judgment was rendered in fraud of the defendant's creditors, need not set forth the names of the creditors, the amounts due them, or the nature or dates of their claims. If justice requires a specification on the subject, it can be obtained on a motion for an order. *Clough* v. *Fellows*, 133.

2. *On judgment of foreclosure—plea of paramount title:*—In such a *scire facias,* a plea of paramount title acquired by the defendant after the judgment of foreclosure may be allowed, if it would be a just and convenient step of procedure under the circumstances of the case. If the plea is rejected during the pendency of other pleas on which the plaintiff ultimately prevails, the writ of possession may be stayed until the question of paramount title is determined in the same or some other suit. *Ib.*

## SELECTMEN.

*It is not the duty or right of selectmen to inquire into the legality of the vote of a school-district to raise money;* but when such vote is certified to them by the

46*

district clerk, they should assess the tax, and a *mandamus* lies to enforce performance of that duty. *School-District* v. *Carr*, 201.

## SERVICE.

ATTACHMENT 3, *of real estate—return*, p. 70;—5, *Of all real estate in town—innocent purchaser*, p. 435.
SUMMONS, *Actual notice*, p. 111.

## SERVITUDES.

EASEMENTS.

SEWERS.

WATER-COURSE.

## SHERIFF.

*1. A deputy sheriff is not bound to assume the burden of defending a suit brought against the sheriff* to determine a controversy between A and B as to whether goods attached by him on writs in favor of both were first attached on the writ of A, or on that of B; but A, having knowledge of the suit, and having given the deputy a bond against any loss that might result to him from applying the property on A's execution, is the sole defendant in interest as much as though the suit were against himself or the deputy. *Philbrick* v. *Shaw*, 81.

*2. Not estopped by return, &c.* :—Neither the deputy, nor a surety on his official bond, is estopped from claiming the indemnity by the returns on the writs, which shows A's attachment to have been first. *Ib.*

## SPECIFIC PERFORMANCE.

*Against objection of attaching creditors with knowledge;—Injunction to prevent levy* :—A specific performance of an oral promise to convey land to which the promisee (by reason of his possession and improvements) is entitled as against the promisor, may be decreed against the objection of the promisor's attaching creditors who had knowledge of the possession and improvements, the promise being neither actually nor constructively fraudulent; and the levy of their execution may be prevented by injunction. *Brown* v. *Prescott*, 61.

## SPIRITUOUS LIQUOR.

*1. By an assignment in insolvency the debtor's intoxicating liquor passes* like other property not exempt from attachment; and the assignee can lawfully sell it, and recover the price. *Gignoux* v. *Bilbruck*, 22.

*2. Illegally kept for sale, are property;*—Spirituous liquor does not lose its character of property by being illegally kept for sale. *Tucker* v. *Adams*, 361.

*3. Sale in Massachusetts—Action for price—particeps criminis* ;—An action cannot be maintained in the courts of this state to recover the price of intoxicating liquor sold by the plaintiff to the defendant in Massachusetts (where the sale was legal), when it appears that the plaintiff actively aided the defendant in the

execution of his purpose to keep and sell the same here in violation of law by packing it for transportation in a way to conceal the fact that the packages contained liquor. *Fisher* v. *Lord*, 514.

INDICTMENTS, 2, *Uncertainty*, p. 381.
CIDER; LAGER BEER.

STATUTES

HIGHWAYS, 9, *Directory*, p. 513.

STATUTES CONSTRUED AND CITED.

G. L., *c.* 2, *s.* 1, *p.* 625.
*c.* 18, *s.* 1, *p.* 37.
*c.* 22, *s.* 1, *p.* 562.
*c.* 24, *s.* 7, *p.* 253.
*c.* 30, *ss.* 1, 3, 5, 10, *p.* 252.
*c.* 39, *ss.* 3, 5, *p.* 252.
*c.* 40, *s.* 14, *p.* 252.
*c.* 41, *ss.* 1, 6, *p.* 253.
*c.* 42, *ss.* 1, 6, *p.* 253.
*c.* 49, *ss.* 2, 4, *p.* 42.
*c.* 53, *s.* 5, *p.* 168; *s.* 10, *p.* 320.
*c.* 54, *s.* 5, *p.* 168.
*c.* 56, *s.* 1, *p.* 168.
*c.* 57, *s.* 1, *p.* 168; *s.* 3, *p.* 204.
*c.* 58, *s.* 13, *p.* 171.
*c.* 59, *ss.* 6, 8, 14, *p.* 328.
*c.* 61, *s.* 9, *p.* 572; *s.* 14, *p.* 513.
*c.* 68, *s.* 10, *p.* 246; *ss.* 14, 15, *p.* 168.
*c.* 69, *s.* 12, *p.* 465.
*c.* 70, *s.* 7, *p.* 548.
*c.* 72, *s.* 15, *p.* 3.
*c.* 75, *s.* 13, *p.* 550.
*c.* 76, *ss.* 11, 12, *p.* 606.
*c.* 82, *s.* 10, *p.* 548.
*c.* 83, *s.* 15, *p.* 550.
*c.* 84, *ss.* 1, 2, *p.* 369.
*c.* 86, *ss.* 2, 3, *p.* 534; *s.* 13, *p.* 11; *s.* 14, *p.* 218; *s.* 27, *p.* 11.
*c.* 87, *s.* 14, *p.* 379; *ss.* 16–22, *p.* 534.
*c.* 88, *s.* 15, *p.* 379.
*c.* 90, *s.* 15, *p.* 216.
*c.* 91, *ss.* 1, 2, *p.* 379.
*c.* 109, *ss.* 13, 15, *p.* 381; *s.* 15, *p.* 368; *ss.* 15, 16, *p.* 89; *ss.* 15–17, 22, *p.* 114.
*c.* 115, *ss.* 10, 11, *p.* 37.
*c.* 117, *ss.* 1, 2, *p.* 361.
*c.* 119, *s.* 3, *p.* 135.
*c.* 132, *s.* 2, *p.* 92.
*c.* 135, *s.* 1, *p.* 242; *s.* 4, *p.* 288.
*c.* 136, *ss.* 4, 5, 8–10, 12, 14, *p.* 363; *s.* 14, *pp.* 421, 423; *s.* 18, *p.* 231.

G. L., *c.* 137, *s.* 6, *p.* 127.
*c.* 138, *ss.* 1, 4, *p.* 319; *ss.* 1, 5, *p.* 72; *ss.* 1, 7, *p.* 68; *ss.* 1, 20, *p.* 428.
*c.* 139, *s.* 13, *p.* 619.
*c.* 141, *ss.* 15–19, *p.* 516.
*c.* 142, *ss.* 15, 18, *p.* 232.
*c.* 144, *s.* 10, *p.* 612.
*c.* 152, *s.* 2, *p.* 511.
*c.* 153, *ss.* 6, 9, *p.* 152.
*c.* 154, *ss.* 12, 13, *p.* 64.
*c.* 160, *s.* 8, *p.* 80; *ss.* 22, 29, *p.* 557.
*c.* 161, *ss.* 1, 16, *p.* 271; *s.* 3, *p.* 593; *ss.* 3, 5, 6, *p.* 593.
*c.* 162, *ss.* 8, 10, *p.* 25.
*c.* 166, *ss.* 9–17, *p.* 162.
*c.* 170, *ss.* 2, 3, 4, 7, *p.* 153; *s.* 20, *p.* 140.
*c.* 175, *p.* 538.
*c.* 180, *ss.* 13, 14, *p.* 415.
*c.* 182, *s.* 12, *p.* 225; *s.* 15, *pp.* 116, 446.
*c.* 183, *s.* 11, *p.* 91; *s.* 12, *p.* 196.
*c.* 192, *s.* 2, *p.* 614.
*c.* 193, *s.* 2, *p.* 511; *s.* 6, *p.* 347; *ss.* 14, 15, *p.* 494; *s.* 17, *p.* 553.
*c.* 194, *s.* 3, *p.* 348; *ss.* 12, 13, *p.* 308.
*c.* 196, *ss.* 6, 15, *p.* 543; *s.* 12, *p.* 191; *s.* 17, *p.* 592.
*c.* 198, *s.* 5, *p.* 366; *s.* 6, *p.* 165.
*c.* 199, *s.* 15, *pp.* 165, 608; *s.* 25, *p.* 403.
*c.* 201, *s.* 10, *p.* 426; *s.* 18, *p.* 591.
*c.* 202, *s.* 2, *p.* 319.
*c.* 203, *ss.* 1, 6, *p.* 392; *ss.* 13, 14, *p.* 538.
*c.* 206, *ss.* 4, 5; *p.* 191.
*c.* 207, *s.* 12, *p.* 351.
*c.* 209, *s.* 1, *pp.* 98, 328; *s.* 2, *p.* 552.
*c.* 210, *s.* 10, *p.* 548.

G. L., c. 220, s. 2, p. 388; s. 7, p. 548;
s. 14, p. 56; s. 16, p. 399.
c. 223, s. 9, p. 365.
c. 224, s. 2, pp. 5, 24; ss. 3, 16,
p. 70.
c. 226, ss. 3, 4, p. 365; s. 17, p.
297.
c. 228, ss. 13, 16, 17, p. 555; s.
15, p. 128; s. 16, p. 214; ss.
13, 16, 17, p. 347.
c. 229, s. 10, p. 544.
c. 232, ss. 3, 4, p. 132; s. 6, p.
598.
c. 233, s. 5, p. 331.
c. 234, ss. 1, 2, 4, p. 66.
c. 238, ss. 5. 10, 14, p. 98.
c. 241, ss. 3, 6, 7, p. 401; s. 6,
p. 376.
c. 247, ss. 13, 25, p. 417.
c. 249, s. 15, p. 353; s. 42, p.
166; s. 48, pp. 287, 394.
c. 254, p. 369.
c. 266, s. 1, p. 548.
c. 268, s. 9, p. 389; s. 13, p. 275.
c. 269, s. 17, p. 275.
c. 272, ss. 1, 2, p. 9.
c. 278, s. 13, p. 81.
c. 287, s. 14, p. 406.

G. L., c. 309, s. 3, p. 13.
Laws, 1879, c. 35, s. 1, p. 404.
c. 44, p. 270.
c. 55, p. 255.
c. 57, ss. 6, 7, 38, p. 252.
Laws, 1881, c. 1, s. 1, p. 380.
c. 28, p. 171.
c. 35, p. 406.
c. 53, s. 1, p. 572.
c. 69, s. 1, p. 252.
c. 72, p. 270.
c. 102, p. 89.
Laws, 1883, c. 8, p. 551.
c. 14, p. 598.
c. 43, p. 328.
c. 65, s. 3, p. 135.
c. 96, p. 389.
c. 101, s. 4, p. 264.
c. 110, p. 168.
c. 239, s. 1, p. 596.
Laws, 1885, c. 43, s. 1, p. 528.
c 89, s. 2, p. 533.
c. 144, p. 574.
U. S. Rev. Sts., s. 639, p. 243.
ss. 5067–5072, 5106,
p. 279.
s. 5115, p. 41.

## STATUTE OF FRAUD.

*1. Sufficiency of memorandum :*—The memorandum required by the statute of frauds of an agreement for the sale of land must be sufficient to identify the parties, land, and price, without resort to parol evidence. *Raferty* v. *Lougee*, 54.

*2.* An unsigned memorandum of an auctioneer, unconnected by annexation or reference with any writing duly authenticated by the signature of the party sought to be charged, or his duly authorized agent, is not a part of the memorandum required by the statute. *Ib.*

*3. A verbal promise by A to pay B one half the proceeds of a piece of land when he should sell it* is not within the statute of frauds. *Mahagan* v. *Mead*, 130.

*4. A constructive receipt and acceptance of goods* to meet the requirement of the statute of frauds can only be proved by clear and unequivocal acts on the part of the buyer. *Clark* v. *Labreche*, 397.

*5.* The defendant verbally bargained with the plaintiffs for a lot of crockery to be imported by them at Boston, and forwarded to him at Manchester, and it was further agreed that upon its arrival in Boston it should be stored and kept there by the plaintiffs for him till he ordered it sent forward. After keeping it a reasonable time they forwarded it to him at Manchester with a bill, and he refused to receive and pay for it. *Held,* that there was no acceptance of the goods within the meaning of the statute of frauds. *Ib.*

## STATUTE OF LIMITATIONS.

*1. The fraud by which a cause of action is concealed need not be other than* that

which caused the original injury, in order to prevent the operation of the statute of limitations. *Quimby* v. *Blackey*, 77.

2. *A promise by an administrator to pay a claim against the estate does not bind either the estate or the sureties* on his bond so as to take the case out of the limitation contained in Gen. Laws, c. 198, s. 5. *Judge of Probate* v. *Ellis*, 366.

3. *As against mortgagee:*—The right of recovery of real estate contemplated in the statute of limitations (G. L., c. 221, s. 1) is a right of recovery as owner, and not the mere right of possession which a mortgagee has for the protection of his security. *Clough* v. *Rowe*, 562.

## STATUTE OF USES.

TRUSTS, 1, *Conveyance to stand seized to use of grantor*, p. 109.

## STOPPAGE *IN TRANSITU.*

1. *When terminated:*—The right of stoppage *in transitu* is terminated when the goods are delivered to the buyer, or possession, actual or constructive, is taken by him. *Hall* v. *Dimond*, 565.

2. The carrier's change of character into that of an agent to keep the goods for the buyer is not inconsistent with his right to retain the goods in his custody till his lien for freight is satisfied. *Ib.*

## STRAYS.

A declaration upon G. L., c. 144, s. 10, to recover twice the value of stray beasts found and taken up by the defendant, whereof no notice has been given, must allege that the owner was unknown. *Hardy* v. *Nye*, 612.

## SUBSCRIPTIONS.

CONSIDERATION, 2, *Organization into a corporation*, p. 583.

## SUMMONS.

*Upon a motion to vacate a judgment, the defendant may show that he had no actual notice* or knowledge of the suit, although a summons was left at his usual place of abode by the officer, and that fact is stated in the officer's return upon the writ. *Fowler* v. *Moore*, 111.

## SUNDAY.

*A bailee's violation of his Sunday contract for the exercise of care* in the Sunday use of the thing bailed is not actionable. *Chenette* v. *Teehan*, 149.

## SUPERVISORS.

ELECTIONS.

## SUPPORT OF PAUPERS.

PAUPERS.

## SUPREME COURT.

*1. Legislative power cannot be delegated to the supreme court* or to a commissioner appointed under the joint resolution, c. 144, Laws of 1885. *School-Law Manual,* 574.

*2.* A statutory provision that certain rules and forms of school-law procedure, prepared by a commissioner, shall be deemed valid and sufficient when approved by the supreme court, does not empower the court to decide the judicial questions of validity until those questions arise in cases brought for trial and judgment. *Ib.*

*3. Advisory opinions of:*—A question of law is not judicially decided by opinions of the justices of the supreme court required under the 74th article of the constitution; and that article does not authorize such advisory opinions to be required on questions which the body asking advice has determined not to consider. *Ib.*

*4.* Chapter 144, Laws of 1885, does not require legal advice of the justices under art. 74, and does not confer on them any power of approval or disapproval, legislative, judicial, or advisory. *Ib.*

JURISDICTION, *on appeal from unauthorized judgment of police court,* p. 89.

## SURETY.

*Payee entitled to securities held by :*—The payee of a note is entitled in equity to the securities held by a surety on the note. *Barton* v. *Croydon,* 417.

## TAXATION.

*1.* The doctrine of *Edes* v. *Boardman,* 58 N. H. 580, applies to the assessment and collection of taxes for school-district purposes. *Locke* v. *Pittsfield,* 122.

*2. Double:*—A tax cannot lawfully be assessed against the property of a corporation when the stock of the corporation is at the same time taxed to its owners. *Telephone Co.* v. *The State,* 167.

*3. Against a purchaser,* land is holden for its resident tax for one year from the first day of June following the assessment. *Dana* v. *Colby,* 169.

*4. Purchaser by quitclaim may recover against grantor :*—The purchaser, compelled to pay the tax to prevent the collector's enforcement of the lien, can maintain assumpsit for money paid, against his grantor, to whom the land was rightly taxed, although the conveyance was an ordinary quitclaim deed. *Ib.*

*5. The proper remedy for an assessment of a school-district tax upon persons not taxable* in the district, is an application made by them for an abatement. *School-District* v. *Selectmen,* 277.

*6. Exemption:*—The statute authorizing towns to exempt manufacturing property from taxation for a term not exceeding ten years does not confer authority to exempt the same property for a second period of ten years. *Boody* v. *Watson,* 320.

*7. Town not estopped to set up tax title by having, &c. :*—A town which becomes the purchaser of land sold for taxes under Gen. Laws, c. 59, s. 6, is not estopped to set up the title so acquired by the fact that for two years after the sale,

and before a deed had been given by the collector, the premises were taxed to the owner, and the taxes paid by him. *Berry* v. *Bickford*, 328.

*8. Interest on abatements :*—A tax-payer who has paid more than his share of public expense may be entitled to interest on the excess abated by such an order, as justice requires.—*Railroad* v. *State*, 571.

SELECTMEN, *Not the duty of, to inquire into legality of vote of school-district*, p. 201.

TAX TITLE.

TAXATION, 7.

TENANCY IN COMMON.

*1. Partition—Agreement by grantee not to dispose of premises :*—One tenant in common of land holding his share under a deed from his co-tenant is not barred from having partition by a condition in the deed that the grantee shall not dispose of the premises, or permit them to be occupied by any person but himself, during the life of the grantor. *Whitney* v. *Kendall*, 200.

*2. Bill against co-tenant for an accounting—allowance for expenses :*—On a bill in equity for an accounting, brought by a tenant in common against his co-tenant, who has been in possession and received the entire rents and profits, the defendant may be allowed the expense of necessary repairs that have materially increased the value and income of the common property, but not the expense of insurance, if it does not appear that it was procured for the plaintiff, or with his knowledge, or on his interest, or that he has received or claimed any benefit from it. *Pickering* v. *Pickering*, 468.

PRACTICE, 3, *Assumpsit between co-tenants*, p. 382.
PARTITION.

TERM FOR YEARS

DEED, 1, *in fee, passes term for years*, p. 230.

TITLE.

*1.* The title to a gift *causa mortis* passes by the delivery, defeasible only in the lifetime of the donor. *Emery* v. *Clough*, 552.

*2. The validity of such a gift is to be determined by the law of the place* where it was made, without reference to the domicile of the donor. *Ib.*

ADVERSE POSSESSION, 1, *Privity ;*—2, *To sustain claim for betterments, tenant must show, &c.*, p. 597.
ASSUMPSIT, *upon implied promise, to try title*, p. 427.
TRUSTS, 1, *Conveyance to stand seized to use of grantor—statute of uses*, p. 109.

672                                   INDEX.

### TOLL BRIDGES.

*Charter for, containing no exclusive words, &c.* :—A charter giving the right to
erect a bridge across Connecticut river within certain limits, and collect tolls,
but which contains no words making the granted rights exclusive within the
limits named, does not give the corporation a cause of action against land-
owners on opposite sides of the river, who open a winter road across their
own lands and across the river, within the charter limits, and invite the public
to pass thereon, with intent to divert travel from the bridge to the injury of the
plaintiffs.  *Bridge Co.* v. *Spaulding,* 298.

### TORTS.

DAMAGES, 2, *Expense incurred in investigating fraud,* p. 218.
FELONY, *Civil action maintainable before criminal prosecution,* p. 77.
TRESPASS.

### TOWNS.

HIGHWAYS. 2, *Contribution,* p. 246.
WATER-COURSE.

### TRAVELLERS.

HIGHWAYS.

### TRESPASS.

JUDGMENTS, 7, *Quare clausum fregit—res adjudicata—writ of entry,* p. 431.

### TRUSTEE PROCESS.

*1. Time of inserting name of trustee* :—No attachment of the defendant's prop-
   erty and credits in the hands of a trustee can be made unless the name of the
   trustee is inserted in the writ at the time of service.  *Pratt* v. *Sanborn,* 115.
*2. An attorney at law* is chargeable upon trustee process for money collected by
   him in the course of his professional employment.  *Narramore* v. *Clark,* 166.
*3. The maker of a negotiable sight draft, not payable in this state,* cannot be held
   as trustee of the payee of the draft.  *Chadbourn* v. *Gilman,* 353.

ASSIGNMENT, 1, *of wages to be earned, with acceptance written upon face,*
           *&c.;*—2, *Acceptance by clerk,* pp. 287, 393.

### TRUSTS.

*1. Conveyance to stand seized to use of grantor—statute of uses* :—A conveyance
   of land made in 1846 by a woman in contemplation of marriage, to hold upon
   the trust that the grantee " will stand seized thereof to the sole use, benefit,
   and behoof" of the grantor, vests the legal title in the grantee upon the trust
   declared; and it does not come within the operation of the statute of uses.
   *Savings-Bank* v. *Berry,* 109.

2. *Mortgage by married woman, cestui que trust :*—A mortgage of land so conveyed, made by the *cestui que trust* after her marriage, and before the statute of 1876, to secure a debt of her husband's, passes to the mortgagee all her equitable right and interest in the land, according to the terms of the deed. *Ib.*

3. *Trustee's expense in defence of suit :*—A trust fund is not chargeable with the trustee's expense of the defence of a suit which it was his duty to avoid. *Page v. Boynton*, 190.

4. *Resulting—from improvements :*—An interest in land does not pass, by resulting trust, from the owner to one whose money is expended in improving the land. *Bodwell* v. *Nutter*, 446.

WILLS, 13, *Discretion—subject to revision ;*—14, *Charge upon land*, p. 35.

### ULTRA VIRES.

*Ratification :*—A lease of the land of a corporation, made without authority by the president and treasurer of the corporation to the president, may be ratified and affirmed by the stockholders. *Hotel Co.* v. *Marsh*, 230.

SAVINGS BANKS, 4, *Estoppel*, p. 145.

### U. S. COURTS.

REMOVAL TO U. S. COURTS.

### USES.

TRUSTS, 1, *Conveyance to stand seized to use of grantor—statute of uses*, p. 109.

### VERDICT.

1. *Correction of mistake :*—Whether a verdict has or has not been recorded, and whether the jury have or have not separated, the case may be recommitted to them for the correction of a mistake in the verdict. *Dearborn* v. *Newhall*, 301.

2. *Question of fact :*—Whether justice requires a recommittal, and whether injustice results from it, are questions of fact to be determined at the trial term. *Ib.*

REFERENCE, 3, *Finding of evidence equally balanced*, p. 429.

### WAIVER.

CEMETERY, 4, *Disqualification of tribunal—waiver ;*—5, *Want of notice*, p. 42.
POOR DEBTORS, *Objection to competency of magistrate*, p. 375.

### WATER.

GRANT, 1, *Reservation not implied, p.* 438; 2, *Extent of, determined by visible use at time of*, p. 500.
INJUNCTION, p. 395.

MILLS, *Petition under flowage act—what questions may be litigated—description of right sought*, p. 516.

## WATER-COURSE.

A city is liable in case for the damage caused an individual land-owner by discharging a public sewer upon his land and into his mill-pond, where the right to do so has not been acquired in some way known to the law. *Vale Mills* v. *Nashua*, 136.

## WEAK-MINDED.

EQUITY, 9, *will interfere to protect*, p. 332.

## WILLS.

1. *Formalities in execution of:*—It is not necessary to the legal execution of a will that it be signed or sealed in the presence of the subscribing witnesses, nor that the witnesses sign in the presence of each other, though such a course is usually advisable. *Welch* v. *Adams*, 344.
2. *Appellant cannot testify unless executor does:*—On the trial of an appeal from the probate of a will, the appellant cannot be a witness unless the executor testifies. *Ib.*
3. *The revocation of a will is not effected by* the death of legatees or devisees named in it; nor by the marriage of the testator, there being no issue of the marriage; nor by the alienation of the larger portion of his estate, which was specifically disposed of by the will; nor by the acquisition of other estate to an amount much greater than he possessed at the time the will was made; nor by the concurrence of all the above circumstances. *Hoitt* v. *Hoitt*, 475.
4. *Revocation:*—Declarations of a testator to the effect that he understood a will made by him was revoked, are not admissible on the question of revocation. *Ib.*
5. *Declarations of a testator as to his intention* in the disposition of his property, are not competent evidence from which to ascertain his intention as expressed in the will. *Ib.*
6. *Bequest in codicil, cumulative or substitutionary?*—The question, whether a bequest given in a codicil to one of the legatees named in the will is cumulative or substitutionary, considered. *Utley* v. *Titcomb*, 129.
7. *Declarations by a testator* as to his intention are not admissible upon the construction of a will or codicil. *Ib.*
8. *Real estate specifically devised is not charged with a general pecuniary legacy,* given in the same will, when there is nothing to show that such was the intention of the testator. *Davenport* v. *Sargent*, 538.
9. The rule is not changed by Gen. Laws, c. 203, s. 14. *Ib.*
10. *Trust deed, subsequently revoked, not a revocation of prior will:*—When it appears to have been the intention of a testator that all after acquired property should pass by his will, a conveyance of all the estate previously devised, by a trust deed containing a power of revocation which is subsequently exercised and the title revested in the testator, does not operate as a revocation of the will; and upon the revesting of the title in the testator the estate is subject to

the will, and the interest of the devisees exists as if no conveyance had been made. *Morey* v. *Sohier*, 507.

*11. The probate of a will may not be barred by the testator's conveyance* leaving no property on which the will can operate; and it may be immaterial whether the conveyance was made before or after the will. *Ib.*

*12. Whether an appellant has such an interest in the estate as entitles him to appeal* from a decree allowing the probate of a will, is ordinarily a question for the court. *Ib.*

*13. Trust—discretion—subject to revision:*—When a testator gives a legacy to be paid to the legatee "at such times and at such amounts as she may seem to need," the executor is invested with a discretion as to its payment which he is bound to exercise fairly and justly, and which is subject to revision. *Cram* v. *Cram*, 35.

*14. Charge upon land:*—Such a legacy constitutes a charge upon land given by a residuary clause in the will to the executor. *Ib.*

*15. Vested and contingent remainders distinguished :*—It is the present right of future enjoyment whenever the possession becomes vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, which distinguishes a vested from a contingent remainder. *Kennard* v. *Kennard*, 303.

*16. The interpretation of a will is the* ascertainment of the testator's intention. *Ib.*

*17. Hale* v. *Nute*, 38 N. H. 422, and *Hayes* v. *Tabor*, 41 N. H. 521, criticised and qualified. *Ib.*

*18. The interpretation* of a will, being the ascertainment of the fact of the testator's intention, is ordinarily determined by the natural weight of competent evidence proving that fact, and not by artificial and technical rules. *Bodwell* v. *Nutter*, 446.

*19. Interpretation:*—A will, giving to the wife of the testator all his household furniture and the use for life of certain portions of the dwelling-house occupied by them, also the "use of a horse and carriage whenever she desires, and a liberal support from the income of the farm," does not entitle her to support from the income at any other place. *Cram* v. *Cram*, 31.

*20. Interpretation :*—A legacy to be divided between four persons, "so that each shall receive an equal share, and the same amount at the age of twenty-one years," is to be divided into four equal shares as of the date of the death of the testator, and one share, with the accrued income thereon, paid over to each legatee on arriving at the age of twenty-one. *Taggart* v. *Breed*, 143.

*21. Interpretation:*—If a will contains no residuary clause, and it is manifestly the testator's intention to dispose of all of his property. the words "all my moneys after paying all my just debts" may pass deposits in a savings-bank, and railroad stock, not specifically devised. *Jenkins* v. *Fowler*, 244.

*22. Interpretation :*—Under a clause in a will giving "to my sister the promissory note I hold signed by her and by M.; also the sum of my deposit with interest" in a savings-bank, and "three hundred dollars of the sum of my deposit in" another savings-bank "for her support for life, the residue from and after her decease to be equally divided between my nephews and nieces," the legatee takes an absolute title to the note. *Herrick* v. *Wright*, 274.

*23. Interpretation :*—B. by will gave his wife the use and income of his homestead for life; also, " every article of household furniture in or on said premises, including piano, books, minerals, shells, and curiosities, and every article of personal property in and about said homestead, or wherever found belonging to my estate ;" also, "the dividends and income on all my railroad shares I may own at the time of my decease, and also the interest and income on all my government and other bonds which I may possess at the time of my decease ;" and after making sundry bequests to other persons, added a residuary clause as follows: " Lastly, after the decease of my said wife, Susan A., and in the final disposition of property, I hereby give and bequeath the rest, residue, and remainder of my estate, wherever found or however situated," to certain legatees named. *Held,* that neither the railroad shares and government bonds, nor cash on hand and promissory notes of which the testator died possessed, passed by the will to the wife, and that an inventory thereof should be returned to the probate court. *Benton* v. *Benton,* 289.

*24. Interpretation:*—The enumeration of specific things in the same clause of a will which gives " all the rest and residue" to the same person, does not necessarily make the bequest specific as to the things enumerated. *Le Rougetel* v. *Mann,* 472.

*25.* The erection of a monument to the testator's memory made a charge upon land specifically devised. *Ib.*

*26. Interpretation :*—A by his will gave $10,000 to B in trust for C, the income to be paid to C for life, with remainder to the children of C, if she had any, and if she had none, then to D. C had no children. D died in the lifetime of C, leaving one child. *Held,* that the remainder became vested in D immediately on the death of the testator, subject to be divested by the birth of a child to C, and that, on the death of C without children, the fund passed to the heir-at-law of D. *Vandewalker* v. *Rollins,* 460.

*27.* B by his will gave $12,000 to E and F in trust to pay the income to C for life, remainder to her children if she had any, and if she had none, to such person or persons as she might appoint, and made E and F general residuary legatees. C died leaving no child, and without making any appointment of the fund. E and F both died before C. *Held,* that upon the death of B the remainder became vested in E and F, subject to be divested by the birth of a child to C, and that upon the death of C without children the fund passed to the legal representatives of E and F. *Ib.*

*28. The quality of property for purposes of transmission by will or inheritance is not changed* from the character in which the testator or intestate left it, unless there is some clear act or intention by which he has impressed upon it a definite character either as money or land. And when, for the security of the fund, money is converted into land by a judicial decree, the land is substituted for the fund, and goes to the person who would have taken the fund had it remained specifically personal estate. *Ib.*

EVIDENCE, 17, *Testamentary capacity ;*—18, *Undue influence ;*—20, *All the subscribing witnesses should be called, if, &c. ;*—23, *State of feeling towards relatives,* p. 448.

## WITNESSES.

*1. Exclusion of party as, when other party is an administrator—account:*—The statute excluding the testimony of a party when the other party is an administrator, applies when the matter in controversy is an account. *English* v. *Porter,* 206.

*2. In action against estate of deceased partner, surviving partner having testified:*—It also applies in the case of a claim against a partnership prosecuted against the estate of a deceased partner, and concerning which the surviving partner has testified. *Ib.*

*3.* Where one party is an administrator, the other cannot make himself a competent witness by his own testimony. *Ib.*

WILLS, 2, *On trial of appeal from probate of will, appellant cannot be witness unless executor testifies,* p. 344.

## WORDS AND PHRASES.

" *Suitable place* " *for cemetery, means most suitable place, in G. L.,* c. 49, s. 2, p. 48.

*An attorney at law is an " employé " within the meaning of G. L.,* c. 249, s. 42, p. 166.

" *Party*," p, 215.

"*All my moneys* " *may pass deposits in savings-bank, and railroad stock, if, &c.,* p. 244.

*Towns may be " situate in the vicinity" of each other although not adjoining,* p. 246.

" *Private way* " *in railroad charters,* p. 273.

" *Bonds,*" " *shares,*" "*furniture,*" p. 295.

" *Nonforfeiture,*" " *paid up* " *policy,* p. 300.

" *Homestead,*" p. 428.

" *All the rest and residue,*" p. 472.

*School-districts organized under " special acts,*" p. 528.

" *May recover,*" " *shall be entitled to recover,*" " *neglects and refuses,*" p. 544.

## WRIT OF ERROR.

*A writ of error does not lie on the ground of objections which should have been taken before judgment,* and could have been carried from the trial term to the law term on a bill of exceptions without a writ of error. *Bergeron* v. *Bank,* 195.

JUDGMENTS, 7, *Res adjudicata—trespass quare clausum fregit,* p. 431.

## WRIT OF POSSESSION.

FORECLOSURE, I, *Defendant's grantor not permitted to appear, if, &c.;—Writ stayed,* p. 196.

# CORRECTIONS.

Page. *From top. From bottom.*

| | | | |
|---|---|---|---|
| 62, | line 14, | | for " 352," read *235*. |
| 95, | line 25, | | for " by" read *before*. |
| 128, | line 13, | | for " plaintiffs" read *defendants*. |
| 128, | line 14, | | for " defendants" read *plaintiffs*. |
| 132, | line 22, | | for " ought" read *aught*. |
| 135, | line 13, | | for " 1881" read *1883*. |
| 220, | line 1, | | for " injury" read *inquiry*. |
| 228, | line 16, | | for " 15 N. H." read *16 N. H.* |
| 231, | | line 6, | for " c. 185" read *c. 136*. |
| 289, | line 1, | | for the second " Ex'r" read *Ex'x*. |
| 303, | | line 12, | insert at end of line, *& a, Ap'ts*. |
| 351, | line 22, | | for " reserved" read *reversed*. |
| 357, | | line 11, | after "*Jones*" insert *and J. B. Hazelton*. |
| 367, | | line 9, | place comma after " established." |
| 391, | line 22, | | for "BINGHAM, J." read SMITH, CLARK, and BINGHAM, JJ. |
| 413, | | line 16, | for "*Henry W.*" read *Rice &*. |
| 421, | line 8, | | for " c. 122" read *c. 136*. |
| 423, | line 12, | | for " c. 122" read *c. 136*. |
| 549, | | line 2, | for "BINGHAM, J." read CARPENTER and BINGHAM, JJ. |
| 577, | | line 21, | for " creditors of the grantee" read *creditors of the grantor*. |
| 592, | line 8, | | for "ALLEN, J." read ALLEN and CARPENTER, JJ. |
| 645, | | line 10, | for " creditors of the grantee" read *creditors of the grantor*. |