Hillsborough,
  June, 1895.

68  347
68  574

PETITION OF THE MILFORD & MANCHESTER RAILROAD.

The previous refusal of the legislature to grant a charter for a railroad over a certain route is not a bar to proceedings under P. S., c. 156, for the formation of a railroad corporation to construct, maintain, and operate a railroad over the same route.

MOTION, by the Boston & Maine and the Concord & Montreal railroads, for the dismissal of the plaintiffs' petition under P. S., c. 156, for the determination of the question whether the public good requires the building of the proposed railroad. It was alleged in support of the motion that the plaintiffs made application to the legislature at the session of 1895 for a charter for a railroad upon the route prayed for in this petition, and that such application was denied.

*Charles H. Burns* and *Oliver E. Branch,* for the Boston & Maine Railroad; *Frank S. Streeter* and *John M. Mitchell,* for the Concord & Montreal Railroad. The refusal of the legislature to grant the charter requested by the plaintiffs was a decision that the public good did not require the proposed railroad, and was an adjudication of the question which is final and conclusive upon the plaintiffs.

*David A. Taggart* and *Isaac W. Smith,* for the plaintiffs.

PARSONS, J. If it were conceded that the refusal of the legislature to grant the plaintiffs a charter for a railroad upon the route described in this petition was upon the ground that in the opinion of the legislature the public good did not require the building of the proposed railroad, the opinion of the legislature upon that question would not be a judgment which would prevent the plaintiffs from again trying the same question before any competent tribunal. Prior to 1883 (Laws 1883, c. 100; P. S., c. 156), the legislature was the only tribunal with power to pass upon that question. The refusal of one legislature to grant a charter or other desired legislation does not deprive the applicants of the right to renew their petition to each succeeding legislature. The general law-making power " is continuously vested in successive agents, who have no more authority to extinguish it permanently or temporarily than to diminish or enlarge it." *Opinion of the Justices*, 63 N. H. 625. Hence the general provisions for railroad incorporation, dependent upon the determination by judicial procedure, involving notice and trial, of the question of public good, were not intended to abridge the general legislative incorporating power. Express provisions, if contained in the act, prohibiting future special incorporations generally, or the special incorporation of such railroads as had failed upon application under the general law, would have been of necessity void. In the enactment of the general incorporation law it might have been provided that no railroad whose incorporation had been refused by the legislature should be authorized by proceedings under the general law. The absence of such provision, and the want of authority to make the general method exclusive, establishes that failure to obtain a charter in one method is not a legal answer to an application under the other. The failure of the applicants in 1895 to obtain a charter would not present a legal bar to their incorporation at a subsequent session. The general act contains nothing upon which such failure can be held to conclude the plaintiffs from proceeding for incorporation thereunder, instead of by application to another legislature for a special grant of incorporation. The only limitation in the act relates to routes for which charters had been granted, not to those for which charters had been refused. P. S., c. 156, s. 38; Laws 1883, c. 100, s. 8. The further ground suggested in argument, that the present plaintiffs are estopped from the prosecution of this petition, presents questions of fact bearing upon the petition determinable by the statute tribunal (P. S., c. 156, s. 10), the legal effect of which it is not profitable to consider until the facts are found.

*Motion denied.*

CLARK, CHASE, and WALLACE, JJ., did not sit: the others concurred.