Request of House of Representatives,
No. 6249.

## OPINION OF THE JUSTICES.

May 25, 1971.

The following resolution was adopted by the House of Representatives April 21, 1971 and filed in this court on April 23, 1971:

" WHEREAS, the House on April 21, 1971 adopted a resolution requesting an opinion of the Justices of the Supreme Court relative to the constitutionality of House Bill No. 557, an act requiring the speaker of the house of representatives to be elected by a roll call vote, and

" WHEREAS, there are additional important questions of law relative to the subject matter of said House Bill No. 557 on which the House would like the opinion of the Justices of the Supreme Court, now therefore be it

" RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

" 1. Does the word ' question ' as used in Article 24, Part 2 of the Constitution of New Hampshire encompass the election by the House of its speaker?

" 2. Does the provision of Article 8, Part 1 of the Constitution of New Hampshire providing that magistrates and officers of government are ' at all times accountable to them ( the people )' require that the election of the speaker of the House be by a recorded vote so that the people will know for what candidate each representative voted.?

"BE IT FURTHER RESOLVED, that the Speaker transmit seven copies of this resolution to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

To the House of Representatives:

The undersigned Justices of the Supreme Court reply as follows to your inquiries with respect to House Bill No. 557 contained in your resolutions of April 21 and April 28, 1971, filed with this court on April 23 and April 29, 1971.

House Bill 557 reads in part as follows: "Election of Speaker by Roll Call. Amend RSA 14 by inserting after section 1 the following new section: 14:1-a Roll Call Election of Speaker. The speaker of the house of representatives shall be elected by the house membership by a roll call vote."

Considering your inquiries in the order submitted, your first question is whether the enactment of House Bill 557 would "violate Article 22, Part 2, or any other provision of the New Hampshire Constitution?"

The above article provides in part as follows: "The house of representatives shall choose their own speaker, appoint their own officers, and settle the rules of proceeding in their own house." This article grants to the members of the house of representatives the exclusive right to determine the manner in which their speaker is to be elected. *Bednar* v. *King*, 110 N.H. 475, 272 A.2d 616 (1970). This prerogative, which belongs to the members of the house alone, cannot be subject to action by the senate (*see Opinion of the Justices*, 102 N.H. 80, 83, 84, 150 A.2d 813, 815-16 (1959)) and cannot be governed or abridged by a statute such as proposed by House Bill 557. *Opinion of the Court*, 63 N.H. 625 (1885). Mason, Manual of Legislative Procedure *s.* 6, paras. 1, 5 (rev. ed. 1962).

Our answer to your first question is "Yes" House Bill 557 would violate article 22, part 2 of the Constitution of New Hampshire. It is therefore unnecessary to consider, whether it would violate any other constitutional provision.

Your second question reads as follows: "If the answer to question No. 1 is in the affirmative, is one member entitled, pursuant to the provisions of Article 24, Part 2, to demand a roll call vote for the election of speaker, provided his motion is duly seconded?"

Article 24, part 2 of our Constitution, as inserted in 1966, reads in part as follows: "The journals of the proceedings, and all public acts of both houses, of the legislature, shall be printed and published immediately after every adjournment or prorogation; and upon motion made by any one member, duly seconded, the yeas and nays, upon any question, shall be entered, on the journal . . . ."

This same constitutional provision is also the subject of your third question (question No. 1 in your resolution of April 28, 1971) which reads as follows: "Does the word 'question' as used in Article 24, Part 2, of the Constitution of New Hampshire encompass the election by the House of its speaker?" These two related questions will be considered together.

A question is a motion or proposition presented for action to a legislative body. "In this sense it includes resolutions, bills, points of order, appeals, objection to reconsider and all like proposals." Mason, Manual of Legislative Procedure *s.* 150 (rev. ed. 1962); Robert, Rules of Order *ss.* 3, 4, at 22, 26 (newly rev. S.C. Robert ed. 1970). The election of a speaker under article 22, part 2 is not a "question" within the meaning of article 24, part 2 of our Constitution. The answer to both your second and third questions is "No."

Your fourth question (question No. 2 in your resolution of April 28, 1971) reads as follows: "Does the provision of Article 8, Part 1 of the Constitution of New Hampshire providing that magistrates and officers of government are 'at all times accountable to them (the people)' require that the election of the speaker of the House be by a recorded vote so that the people will know for what candidate each representative voted?"

Article 8 reads as follows: "All power residing originally in, and being derived from, the people, all the magistrates and officers of government are their substitutes and agents, and at all times accountable to them."

Article 8 must be read in conjunction with the preceding article 7 which states in part that "The people of this state have the sole and exclusive right of governing themselves as a free, sovereign, and independent state . . . ." These sections express the American theory of government that "the state being sovereign, the people being the state, and all magistrates and public officers being 'their substitutes and agents'" they are accountable to the people. *Attorney - General* v. *Taggart*, 66 N.H. 362, 369, 29 A. 1027, 1031 (1890). However no special method of such accountability

is required by these sections of our Constitution.

Hence our answer to your fourth and last question is "No" article 8, part 1 of our Constitution does not require the election of a speaker to be by roll call vote.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
EDWARD J. LAMPRON.
WILLIAM A. GRIMES.
ROBERT F. GRIFFITH.

May 25, 1971.

*Joseph M. Eaton* for affirmative answer.

*Henry C. Newell* for affirmative answer to question 1, and negative answer to question 2.